### IN THE

# SUPREME COURT

#### OF THE

## STATE OF NEW-YORK,

##### IN OCTOBER TERM, 1823, IN THE FORTY-EIGHTH YEAR OF OUR INDEPENDENCE.

---

### ADDISON PORTER and two others *against* GOODMAN and GOODMAN.

THE judgment was upon a bond and warrant of attorney; and, in issuing the *fi. fa.* the attorney for the plaintiff had, by mistake, omitted the name of *Addison Porter*, and it was, by a like mistake, tested at the *city of Utica*, instead of the *Academy in Utica*. The *fi. fa.* had been levied, and trespass brought by the defendant, on the ground that such levy was under an execution irregular and void.

*Fi. fa.* amended by adding the name of a plaintiff, and correcting the name of the place at which it was tested; And this after an action of trespass brought for a levy under it; But this was done on payment of the costs, both of the motion and the action. It seems that the court would refuse to amend a *fi. fa.* issued on a jugdment by confession, upon a bond and warrant of attorney, which had been obtained fraudulently.

*I. Powers & A. Spencer*, moved to amend. They remarked, that this was a matter resting in the discretion of the Court.(*a*) In *Bissell* v. *Kip*,(*b*) this Court held an execution amendable, where too large a sum had been inserted. In *Cramer* v. *Van Alstine*,(*c*) they amended by inserting a correct return day. In *Phelps* v. *Ball*,(*d*) a *fi. fa.* was

(*a*) *Rex* v. *Mayor of Grampond*, 7 *T. R.* 699.
(*b*) 5 *John*. 89.   (*c*) 9 *John*. 386.   (*d*) 1 *John. Cas*. 31.

ALBANY,
October, 1823.

PORTER
v.
GOODMAN.

(e) 3 John.
Rep. 144.
(f) 3 Caines'
Rep. 98.

amended, by correcting two mistakes, after it was returned satisfied : and in *McIntyre* v. *Rowan*,(e) a *ca. sa.* was amended, by adding the *testatum* clause, after the defendant had been arrested. In 2 *Archb.* 246, it is said that executions may be amended in names and sums, even after they are executed ; and he gives the authorities. And in *Holmes* v. *Williams*,(f) an amendment of a *ca. sa.* was allowed, even after an action of false imprisonment had been brought. Amendments are much a matter of course ; though, in form, we are obliged to move the Court. They will always amend where there is any thing to amend by, and here we have the judgment record.

*S. J. Sherwood & Sudam*, contra, produced affidavits, from which, as they insisted, it appeared the bond and warrant of attorney had been fraudulently obtained, and ought to be set aside. They accordingly moved to set aside the *judgment*, for that reason, and the execution for the *irregularity* on the face of it. They remarked that, at any rate, they should rely upon the want of good faith disclosed by the affidavits, as a sufficient ground of opposition to the amendment : that, in the case cited from 3 *Caines*, there was no pretence of hardship. The Court will never exercise their discretionary power of amending, unless in furtherance of justice, and not to oppress the party. The cases cited were free from all *iniquity* in the party applying to amend.

*Powers*, said the Court would never allow considerations of this kind to operate against an amendment. The attorney, or officer, who makes out the process, is liable to an action for the mistake. Knowing nothing of the *equitable* circumstances which exist between the parties, he ought, notwithstanding, to be protected.

*Per Curiam.* On hearing the affidavits, upon both sides, we are unanimous in thinking that the facts disclosed do not warrant the allegation of bad faith. If the defendants had made out a strong *equitable* case against the plaintiffs, it would, perhaps, be a good reason for refusing the amendment. But we all think there is no foundation for

the objection, in point of fact. The amendment must be granted, on payment of costs.

Rule to amend granted.

*Oct.* 24. This morning, *Sudam* mentioned, that the rule to amend had been drawn in the usual form, *on payment of costs*, which he supposed would import no more than *the costs of the motion :* that the payment of the costs of the *action*, brought for the irregularity, ought also to be made a condition of the amendment.

*Powers*, said the action was prematurely brought, and the party ought to take the consequence.

*Per Curiam.* The rule must be so modified as to include the costs of the action.

Rule accordingly.