## Supervisors *v.* Durant.

An amendment by allowing, *nunc pro tunc,* an entry, omitted at the proper
time by inadvertence, in the journal record of the clerk, of the issue
of a writ of peremptory mandamus; and an amendment by the marshal
to his return, so as to show that he had exhibited the original writ to
the party served, allowed as matters of common practice.

Error to the Circuit Court for the District of Iowa.

The writ of error in this case, which was a proceeding of
the United States *ex relatione* Durant against the Board of
Supervisors of Poweshiek County, Iowa, brought up a pe-
tition, on the part of the relator, for an alternative writ of
mandamus to the supervisors of the county just named,
commanding them to levy a tax sufficient to pay a certain
judgment which he held against the county, or show cause
for not so doing; the order for an alternative mandamus,
and the issuing of the same; a return demurrer to the re-
turn, and an order for peremptory mandamus; application
for attachment against the supervisors for not obeying the
peremptory writ, and an order for attachment.

Several objections were taken to the proceedings on the
part of the supervisors, but no brief was filed in the case in
support of them, nor was there an appearance of counsel.

One of the objections was, that the writ of peremptory
mandamus was issued without any order of the court hav-
ing been entered upon the journal record of the clerk. The
order was made by the court, and a note of it had been en-
tered upon the clerk's docket, and also upon the judge's.
The court, on motion, allowed the entry to be made in the
journal *nunc pro tunc.*

Objection was also taken to the return of the marshal,
that it did not appear that the original writ of the peremp-
tory mandamus was exhibited at the time of the service of
same upon the supervisors. The court allowed the return
of the marshal to be amended by adding the words: "I
also exhibited the original writ to each of the foregoing

named persons so served, and I finally left it with said Snow," who was chairman of the board.

*Mr. Grant, for the relator,* having submitted the case with a few remarks—

Mr. Justice NELSON subsequently delivered the opinion of the court, to the effect, that as to the entry which the court on motion allowed to be made in the journal *nunc pro tunc,* as the matter was one which arose from the inadvertence of the clerk, the entry was but common practice and matter of course, and that the amendment to the marshal's return was of daily practice also.

The judgment for the writ of attachment was accordingly

AFFIRMED.