76 U.S. 736
 19 L.Ed. 813
 9 Wall. 736
 SUPERVISORS
v.
DURANT.
 December Term, 1869
 
 1
 ERROR to the Circuit Court for the District of Iowa.
 
 
 2
 The writ of error in this case, which was a proceeding of the United States ex relatione Durant against the Board of Supervisors of Poweshiek County, Iowa, brought up a petition, on the part of the relator, for an alternative writ of mandamus to the supervisors of the county just named, commanding them to levy a tax sufficient to pay a certain judgment which he held against the county, or show cause for not so doing; the order for an alternative mandamus, and the issuing of the same; a return demurrer to the return, and an order for peremptory mandamus; application for attachment against the supervisors for not obeying the peremptory writ, and an order for attachment.
 
 
 3
 Several objections were taken to the proceedings on the part of the supervisors, but no brief was filed in the case in support of them, nor was there an appearance of counsel.
 
 
 4
 One of the objections was, that the writ of peremptory mandamus was issued without any order of the court having been entered upon the journal record of the clerk. The order was made by the court, and a note of it had been entered upon the clerk's docket, and also upon the judge's. The court, on motion, allowed the entry to be made in the journal nunc pro tunc.
 
 
 5
 Objection was also taken to the return of the marshal, that it did not appear that the original writ of the peremptory mandamus was exhibited at the time of the service of same upon the supervisors. The court allowed the return of the marshal to be amended by adding the words: 'I also exhibited the original writ to each of the foregoing named persons so served, and I finally left it with said Snow,' who was chairman of the board.
 
 
 6
 Mr. Grant, for the relator, having submitted the case with a few remarks——
 
 
 7
 Mr. Justice NELSON subsequently delivered the opinion of the court, to the effect, that as to the entry which the court on motion allowed to be made in the journal nunc pro tunc, as the matter was one which arose from the inadvertence of the clerk, the entry was but common practice and matter of course, and that the amendment to the marshal's return was of daily practice also.
 
 
 8
 The judgment for the writ of attachment was accordingly
 
 
 9
 AFFIRMED.