Acheson, D. J.
The register to whom the case was referred after the original order of sale was made, to ascertain the liens upon the bankrupt’s real estate, recommended that the order to sell he amended so that the real estate designated in his report as purparts Nos. 1 and 2 “be sold subject to the lien of the judgment of the Heirs of Adam Moyers v. Jeremiah McGonigle;" that the real estate designated as purparts Nos. 1, 2, 3 and 4 be sold “subject to the payment oí the legacy of Michael A. McGonigle, when the different instalments fall due;” and that the “real estate of the bankrupt be sold discharged from all other liens.”
This report the court confirmed absolutely May 9, 1876. The order of sale was not formally amended, hut the confirmation of the register’s report was equivalent to an amendment.
Why the register, in his recommendation, restricted the lien of the Moyer judgment to purparts Nos. 1 and 2, is not clear to me. It would seem to have been an inadvertence or clerical error. The original judgment had been revived, and manifestly at the time of the death of Jeremiah McGonigle, and at the date of the sale in this case, the four pieces of land designated as purparts Nos. 1, 2, 3 and 4 were hound by the lien of the Moyers judgment. However, as G. I. Davis bought these four pieces, the mistake in the register’s report is not material.
From a careful examination of the whole record the following propositions appear to me clear — First. That the court *768 did not intend to divest or impair the Ken of the Moyers judgment, or in anywise prejudice the rights of 'the plaintiffs therein, but intended that the purchaser of the real estate bound by the Ken of the judgment should take it subject* to that Ken. It was not, however, intended that the purchaser should personaUy assume the payment of that judgment, or be deprived of any right to enforce contribution, or other like right, which the bankrupt himself had. Second. That the court did intend that the purchaser of the bankrupt’s interest in the real estate designated as purparts Nos. 1, 2, 3 and 4, should take the same charged with the payment of Michael A. McGonigle’s legacy of $500, which, by the terms of Jeremiah McGonigle’s will, was payable by the bankrupt.
The distinction between the language “subject to the Ken of” and “subject to the payment of,” as used in the register’s report, in relation to said judgment and legacy respectively, is significant. The judgment was not a debt of the bankrupt but of Jeremiah McGonigle, and hence the purchaser was to take subject to the lien merely. But the legacy was a liability which the bankrupt had assumed to pay when he accepted the devise under his father’s will, and it seems to me clear that the intention was to make the legacy a charge upon and payable out of the interest of the bankrupt in purparts Nos. 1, 2, 3 and 4, in the hands of the purchaser at the assignee’s sale. Therefore, I see nothing in this record which calls for amendment so far as this legacy is concerned. The bankrupt himself most certainly could not have called upon his own vendees, James H. Dysert and Daniel Laughman, to contribute to the payment of that legacy. No more can the purchaser at the assignee’s sale do so. But, in the return of sale, the assignee reports the sale to G. I. Davis as “subject to the payment of $759 at the death of Elizabeth Moyers, and the interest thereon, annually, during the life of the said Elizabeth, * * * * which said encumbrances the said purchaser is to pay in addition to his said bid.” The deed which the assignee has executed contains similar clauses. I think the return, in so far as it relates to the Moyers judgment, was unwarranted, and if permitted to stand may work *769 injustice to the purchaser. The confirmation of the return was, doubtless, in the mere routine of business, and without the attention of the court being called to the departure from the authorised terms of sale. It cannot be questioned, I think, that the court has the power to authorize an amendment. Shamberg v. Noble, 80 Pa. St. 158; Slicer v. Bank of Pittsburgh, 16 How. 571; Supervisors v. Durant, 9 Wall. 736.
The delay in applying for relief is satisfactorily accounted for. The purchaser lived in Cambria county, and the records of this court were not aecessihle to him without a journey to Pittsburgh. He had no reason to suppose that the return contained the objectionable clause. The deed from the asignee was not delivered until about April 1, 1878, and was then handed to the purchaser’s attorney, William H. Sechler, Esq., who, without having it recorded, placed it among papers in his custody belonging to Mr. Davis. There it remained until last February, when, for the first time, it was examined by Mr. Davis and his attorney. Application to this court for relief was then promptly made.
The assignee has made no answer to the rule to show cause, and makes no objection to the allowance of an amendment to his return, or to the execution of a new deed. Clearly, the plaintiffs in the Moyers judgment have no right to object to the amendment.
And now, to-wlt, June 8, 1880, it is ordered that the return of the assignee to the order of sale of the real estate of the bankrupt, so far as the same relates to the judgment of the heirs and legal representatives of Adam Moyers, deceased, against Jeremiah McGonigle, be amended as of the date of the return, nunc pro tunc, by striking out the clause, “subject to the payment of $759 at the death of Elizabeth Moyers, and the interest thereon annually during the life of said Elizabeth ; * * * which said encumbrances the purchaser is to pay, in addition to his said bidj ” and in lieu thereof inserting, “subject to the lien of the judgment of the heirs and legal representatives of Adam Moyers, deceased, against Jeremiah McGonigle, No. 5, September term, 1870, of the oourt of com *770 mon pleas of Cambria county, Pennsylvania, (scire facias to revive, No. 4, March term, 1876,”) and that the assignee execute a deed to the purchaser, at the costs and expense of the latter, in accordance with the foregoing amendment.