In Re Dickson, An Alleged Imbecile.

---

IN RE HARRY R. DICKSON, AN ALLEGED IMBECILE.

*Nunc pro tunc entry supplied after term of judgment.*

The omission of a judgment entry to show that a person adjudged an imbecile and for whom a guardian was ap-

In Re Dickson, An Alleged Imbecile.

pointed, had no notice of the proceedings, when he in fact had notice, may be supplied by a *nunc pro tunc* entry after the term at which the judgment was rendered.

*Decided June* 10, 1887.

On the 30th day of July, 1886, this court on the evidence found Harry R. Dickson an imbecile, and that it was necessary to appoint a guardian for the person and estate of the said Harry R. Dickson, and thereupon did appoint a guardian, all of which appears of record. Now comes the guardian and files his motion for leave to amend the record, alleging that said record does not disclose the fact that at the time of the hearing of said cause, and the appointment of said guardian, said Harry R. Dickson appeared in open court and had notice of the intended application of the guardian, and praying the court for a *nunc pro tunc* entry. This motion is now resisted by Harry R. Dickson, through his counsel, for the following reasons:

First. That at the time of the finding of the imbecility of said Dickson, the court had not decided that said Dickson had notice, and it is maintained that a *nunc pro tunc* entry can only be made where the court had rendered a judgment and made a finding, which judgment and finding were for some reason omitted to be entered on the record.

Second. That the term having elapsed, this court has no jurisdiction to make a *nunc pro tunc* entry,

and no jurisdiction to alter, amend or modify the judgment or finding.

Third.   That Harry R. Dickson, being an adjudged imbecile, could not voluntarily enter his appearance and consent to the appointment of a guardian.

*Jordan & Jordan*, for guardian.

*Thos. McDougall*, for Dickson.

GOEBEL, J.

There is no statutory provision which provides for a notice on the hearing of an application to have a person adjudged an imbecile and for the appointment of a guardian for such person.* Neither has it been the practice during the existence of this court to give such notice.   The mode and manner of such proceeding, and the amount of evidence necessary, are matters entirely within the discretion of the court.   But it is maintained that inasmuch as it deprives such an adjudged imbecile of the control and management of his property, according to some authorities, such person ought to have notice of such application.   In determining the questions presented, this court assumes the correctness of the views expressed by the authorities. As to the first objection, I can not agree with counsel that a *nunc pro tunc* entry can only be made to complete a record of a judgment pronounced by the

*Since this decision was rendered, the statute has been amended, section 6302 R. S. 86 vol. 61.

court, and omitted to be put upon the record. The record in this case does not fail to disclose the judgment and finding made by the court, and if the theory of counsel be correct, there is now a full and complete record of such judgment and finding, and such entry *nunc pro tunc* would be useless. Notice is a jurisdictional fact, therefore is prerequisite to a valid judgment. If the judgment entry omits to find notice, and notice was in fact had, the omission may be supplied by *nunc pro tunc* entry. It can not be possible that an entry *nunc pro tunc* can only be made to supply an entry of a judgment rendered, and not such an entry showing a jurisdictional fact existing at the time, and requisite to give the judgment on record full force and effect. In the first instance the judgment would not be effective by reason of the failure of the record to disclose such judgment, and in the latter such judgment would be defective by the failure of the record to disclose notice. That is jurisdiction. *Nunc pro tunc* entries are founded on justice and good sense; and this power should not be limited to judgments actually rendered, but there should be a full and complete power in the court to correct and amend its records so that a judgment of the court might in all respects be effective, and this seems to be in harmony with the ruling made in the case of *Supervisors* v. *Durant*, 9 Wall. 736, where the court permitted the marshal to amend his return by show-

ing that the persons named were duly served, which fact was essential and prerequisite to the rendition of the judgment.

And this is also in harmony with the case of *Benedict* v. *State*, 44 Ohio St., 679, where a prisoner having been put on trial, the jury failed to agree upon a verdict, and were discharged. The record omitting to state the reasons of the discharge of the jury, the prisoner filed a motion on the second hearing for his discharge, for the reason that the record failed to cite the reasons of the discharge of the jury. An order *nunc pro tunc* was made to supply the omission. The motion to discharge the defendant was overruled, and the trial allowed to proceed. It was held that there was no error in such action of the court.

Judge Owen, in deciding the case, said :

" The principle is fundamental, that every court has a right to judge of its own records and minutes ; and if it appears satisfactorily to it that an order was actually made at a former term and omitted to be entered by the clerk, it may at any time direct such order to be entered upon the records as of the term when it was made. This power may be exercised in criminal prosecutions as well as in civil cases."

It will be seen that in the case of *Supervisors* v. *Durand*, *supra*, there was no omission on the record of any act of the court, and in the case of *Benedict*

v. *State*, *supra*, there was a failure to enter on record the action of the jury.

For the purpose of this motion, it is admitted that Harry R. Dickson had notice of such application and was present in court at the time. That judicial action was taken is not denied. He is not here now asking that the judgment and finding be set aside, but resisting an amendment of the record by supplying an entry of a finding of a jurisdictional fact, without which such judgment might be effective. As no rights of third parties intervened, it is proper for the court to make its records speak the whole truth, and cause that to appear upon the journal which in fact transpired in the course of judicial proceedings, and thus render the judgment effective.

As to the second objection, it is sufficient to say that the power of the court to make a *nunc pro tunc* entry is not limited to the term at which the judgment was rendered. There are authorities to show that the power was exercised after the lapse of many years. *Rugg* v. *Parker*, 7 Gray, 172; Freeman on Judgments, Sec. 56.

As to the third objection, namely, could Dickson, being an adjudged imbecile, voluntarily enter his appearance and consent to the appointment of a guardian? It is not necessary for me to decide whether a person adjudged an imbecile can voluntarily enter his appearance in a proceeding of this kind. It is not a question of the power of the court to make

a finding, but whether the record shall show that Dickson had notice, leaving it for another tribunal to determine whether the judgment and finding of this court shall stand after the fact is made to appear that such adjudged imbecile voluntarily entered his appearance at the time. It is not necessary for me to determine whether he could, under the circumstances, consent to the appointment of a guardian. If he was an imbecile, and had property, the appointment of a guardian followed as a necessity, and without regard to his wishes in the matter.

NOTE.—The judgment in this case was affirmed by the Hamilton County Common Pleas Court.