# STARR *v.* THE UNITED STATES.

PLEADING AND PRACTICE ; PRINCIPAL AND SURETY ; EXECUTION,
VOID LEVY AND SALE UNDER ; MISTAKE OF FACT ; VA-
CATING SATISFACTION ; AMENDMENT OF RETURN ;
JUDICIAL SALES ; CAVEAT EMPTOR.

1. Where the specific condition of a bond is that the obligor shall enter
into a contract and perform the required service, the declaration
in an action on the bond assigning as a breach of the condition
that he did not perform the service contracted for, states a cause
of action.

2. The discontinuance by the plaintiff, in an action against principal
and sureties in a bond, of the suit as against the principal, will
not operate to release the sureties, but the suit may be contin-
ued as against them.

3. Where an equitable interest of the defendant is levied upon and
sold under an execution at law in the mistaken belief that he
held the legal title to the property, it is competent for a court of
law, on application of the plaintiffs made on discovering that
defendant's interest was merely equitable and not subject to ex-
ecution at law, and that the levy and sale were therefore null
and void, no rights of third parties being affected, but the plain-
tiffs becoming the purchasers at the sale, to vacate the levy, sale,
return and satisfaction made by the marshal and allow the
marshal to withdraw and amend his return so as to conform to
the facts.

4. And, in such case, the plaintiffs will not be denied relief because of
the action of their attorney in directing the levy and sale to be
made and in taking a deed of conveyance of the property.

5. The general doctrine that there is no warranty of title by the officer
at judicial sales, and the purchaser only takes such title as the
officer can give him, and that if deprived of the property by title
paramount he can have no recourse to the officer making the
sale or to the court to have the sale vacated in his favor, is sub-
ject to the qualifications that, inasmuch as the sale under an ex-
ecution purports to be of all the title and interest of the defend-
ant, if for any cause the sale is so void that it cannot transfer
the title and interest of the defendant, the purchaser is not bound
by his bid

6. In the present case the interest of the defendant being merely equi-
table and the levy and sale of the property therefore null and

void, the deed executed in pursuance of such sale did not transfer the interest of the defendant; and the doctrine of *caveat emptor* has no application to the case.

No. 563.   Submitted May 5, 1896.   Decided May 19, 1896.

HEARING on an appeal by the defendant from an order vacating an entry of satisfaction of a judgment.   *Affirmed.*

The COURT in its opinion stated the case as follows :

This is an appeal from an order of the Supreme Court of the District of Columbia vacating an entry of satisfaction of a judgment that had been rendered in favor of the appellees.

Suit at common law was instituted on May 15, 1883, by the United States of America against Collier C. Fraser, William M. Starr and George T. Mason, the first named as principal, and the other two as sureties, on a bond given by Fraser as a bidder to carry the mails of the United States on a certain postal route in the State of New York, which bond was for the penal sum of $2,500, and which, it seems, had become forfeited by non-compliance on the part of Fraser.   The defendants, Starr and Mason, joined in a plea of performance of this contract by Fraser.   Fraser pleaded separately ; and afterwards there was a discontinuance of the suit as to him, although he was the principal upon the bond.   As to the defendants, Starr and Mason, there was a default, an inquest by a jury, and a verdict and judgment against them and in favor of the United States for the sum of $598.64 and costs.   This was on November 8, 1888.

There was a writ of *fieri facias* issued on the judgment on October 3, 1889, and returned *nulla bona.*   Another similar writ was issued on March 5, 1895, which had a similar return.

On May 16, 1895, there was a third writ issued.   On June 13, 1895, this writ was levied, or sought to be levied, on a piece of land in the city of Washington, designated as lot 9, in square No. 878, of which the fee-simple title was supposed to be in the judgment debtor, William M. Starr.

Motion was made on behalf of the latter to quash the writ, on the ground that the judgment should have been revived, and was not in fact revived, by writ of *scire facias*, after the first writ of execution.    But the motion was overruled. Thereupon the marshal advertised the property for sale under the judgment.

Starr then filed a bill in equity to enjoin the sale by the marshal—upon what grounds the record before us does not show ; but the injunction was refused.    The bill, however, seems to be yet pending and undisposed of.

The marshal then proceeded with his sale, and his return made on September 9, 1895, purports that he made sale of the property levied on to the United States on July 24, 1895, for $5,755.20, being the highest bid received therefor ; that he then satisfied the judgment in full ; and that the balance of the proceeds of sale was applied to the satisfaction of other judgments against the same defendants.    There were twelve other judgments, it seems, in favor of the United States against the same defendants ; and these were all entered satisfied in consequence of the sale.

Upwards of three months afterwards it was discovered by the attorney for the United States that the interest of the judgment debtor, Starr, in the property levied on, was only an equitable interest, not subject to levy or execution at common law, and that the levy was therefore a nullity, and the sale conveyed no title to the United States as a purchaser.    And thereupon the United States, as plaintiffs in the several suits, moved to vacate the entries of satisfaction therein and the marshal's return of the several writs of *fieri facias*, there having been similar writs issued in all the cases. The motion was supported by affidavit of the Assistant District Attorney, who had acted in the matter, to the effect substantially that the writ of *fieri facias*, under which the marshal had levied on the property and sold, or attempted to sell, had been levied under the mistaken impression on his part that the debtor, Starr, was the legal owner in feesimple of the property sought to be seized under the levy,

when in fact he was only the equitable owner, the property being subject to a deed of trust given by a former owner, of which neither he nor the marshal was aware at the time of the attempted levy.

Afterwards, on February 1, 1896, a motion was filed in this case, and in all the cases, on behalf of the marshal, for leave to withdraw and amend his return and to make another return in accordance with the facts. And this motion was supported by an affidavit of the deputy marshal, the active agent of the marshal in the proceedings, which was to the effect that he had been misinformed and misled in the premises; that his proceedings were based upon erroneous information; that no money had in fact been received by the marshal as proceeds of sale or paid to anyone on account of such sale; and that no possession of said lot of ground or of any part thereof had been delivered by the marshal or by anyone to the United States in pursuance of any of said writs or upon any other ground.

Upon the hearing of these motions and affidavits, and after argument by counsel for the United States and for Starr, the Supreme Court of the District of Columbia, on February 29, 1896, made an order vacating and quashing the levy, sale and return made by the marshal, on the ground that they had been made under a mistake of fact, that the plaintiff had obtained no title to the property or any interest therein under them, and that the judgment in the cause had not been satisfied. And by the order the marshal was permitted to make such further return as he might be advised.

From this order the defendant, Starr, has prosecuted the present appeal.

*Mr. Leo Simmons* and *Mr. Herbert M. Locke* for the appellant:

1. Judgment having been entered satisfied in full upon the levy and sale made by directions of the appellee and a deed delivered to it of the property; the term having ex-

pired, the court had no authority to vacate the entry of satisfaction. The order of satisfaction is supposed to be made under the directions of the court; and after its term has expired, it cannot be altered or corrected except for clerical errors and mistakes. *Phillips* v. *Negley*, 117 U. S. 665; *Miles* v. *Knot*, 12 Gill and J. (Md.) 442; *Tabler* v. *Castle*, 22 Md. 94. *A fortiori* for the alleged failure of title in the judgment debtor, the only remedy, if any, was by bill in equity or *scire facias*. Where there is no fraud alleged or found there is no remedy at all. *Freeman* v. *Caldwell*, 10 Watts. (Pa.) 1; *Lansing* v. *Quackenbush*, 5 Cow. (N. Y.) 37; *Salman* v. *Price*, 13 Ohio, 383; *Hollester* v. *Dillon*, 4 Ohio St. 205; *Goodbar* v. *Daniel*, 88 Ala. 583; *O'Connor* v. *Silver*, 26 Tex. 606; *Tabler* v. *Castle*, 22 Md. 94; *Holtsman* v. *Edwards*, 51 Iowa, 383; *Henry* v. *Keys*, 5 Snod. (Tenn.) 489; *Holcomb* v. *Lowdermilk*, 3 Jones (N. C.) L. 401.

2. The appellee in the case at bar had full notice of the alleged prior lien or mortgage; the records were open, and it was the duty of its agents and attorneys to examine same before ordering the levy. When purchaser is guilty of negligence he is not considered a *bona fide* purchaser. *Tuttle* v. *Jackson*, 6 Wend. 213; *Grimstone* v. *Carter*, 3 Paige, 421; *Jackson* v. *Post*, 15 Wend. 588. Constructive notice is in its nature no more than evidence of notice, the presumption of which is so violent that the court will not even allow of its being controverted. Story's Eq. Juris. 399. A recorded deed is constructive notice. It is of no consequence whether the second purchaser has actual notice of the prior deed or not. He is bound to take notice and is presumed to have the requisite notice. *Williams* v. *Brown*, 15 N. Y. 354.

3. There is no warranty in judicial sales. *The Monte Alegro*, 9 Wheat. U. S. 616; *Waple* v. *United States*, 110 U. S. 63; *Bishop* v. *O'Connor*, 69 Ill. 431. The above authorities are absolutely conclusive in this case. If it were otherwise a creditor might force a judgment debtor's property upon the market, buy it at a sacrifice, and if the title suits him, he has made a good speculation, and if not, he

can rescind his purchase without any loss whatever, while the debtor is subjected to the cost of appraisement, advertising, marshal's fees, etc.

*Mr. Arthur A. Birney,* U. S. Attorney for the District of Columbia, and *Mr. C. H. Armes,* Assistant Attorney, for the United States.

Mr. Justice MORRIS delivered the opinion of the Court:

Two assignments of error are stated: 1st. That it was error to grant the motion of the appellee to vacate the return of the marshal showing the satisfaction in full of the judgment; 2d. That it was error to grant the motion of the marshal for leave to withdraw and amend his return.

The appellant, in his brief and oral argument, discusses also two other questions, not raised by these assignments: 1st. That the declaration in the case shows no cause of action, and that consequently the judgment was null and void, and no further proceedings can be had thereon; 2d. That the plaintiff, by discontinuing the suit as to Fraser, the principal in the bond, thereby discharged the others, who were merely sureties. But these two questions, even if they were properly raised, are without substantial value. With reference to the first of them, the appellant seems to be under a misapprehension. He does not state wherein he conceives the declaration to be defective; but we infer from some expressions in his brief that he construes the bond here sued on to be a bond only to enter into a contract in the event that a contract should be awarded. This is not a correct understanding of it. The specific condition of the bond is, not only that Fraser would enter into contract, if his bid were accepted, but likewise that he should perform the service in accordance with the contract; and the breach assigned is that he did not perform the service. The objection, therefore, that the declaration does not state a cause of action is untenable.

Equally untenable is the objection that, by the discontin-

uance of the suit as to the principal, Fraser, the plaintiffs thereby released the other defendants as sureties, and were precluded thereafter from further prosecuting the suit as to them. The discontinuance as to the principal, while continuing in the attempt to hold the sureties, was undoubtedly a most extraordinary proceeding, and one greatly calculated to excite comment. But we cannot hold, in the absence of explanation, that it was sufficient to release the sureties. The discontinuance of a suit is not the release of the claim. Such discontinuance could not operate as a bar to any other suit. The plaintiffs might have elected to sue the two sureties alone in the first instance ; and yet that would not have operated as a release of the principal. The discontinuance of the suit, without satisfaction of the demand and with freedom thereafter to the plaintiffs to institute another suit, could have no greater effect.

The two formal assignments of error may be regarded as merely raising the one question, whether the court had the right to vacate the levy, sale, return, and satisfaction made by the marshal, upon proof that all these were made by him under a mistake of fact. For that they were made under a mistake of fact in this case, must be conceded, inasmuch as the affidavits filed in support of the motions so allege and show, and there is no attempt on the part of the appellant to controvert the showing. Indeed, there is no controversy whatever between the parties as to the facts. The only controversy is, whether upon the conceded facts, the court had authority to enter an order for leave to the marshal to withdraw and amend his return.

It is argued by the appellant, that the appellee's remedy, if any there exists, is in equity. It is true that there is plenary power in a court of equity to remedy mistakes of fact, and that its processes for that purpose are more ample and more elastic than those of common law. But it is too late at this day to question the authority of common law courts to amend their records and the proceedings before them, under proper limitations, so as to conform to the

truth.   Amendment of pleadings may be allowed at any time before verdict ; amendment of a judgment is proper at any time during the term at which it was rendered ; and there has never been any limitation of time prescribed for the amendment of proceedings upon execution.   See Freeman on Executions, sec. 359, and cases cited.   Now, where the facts are plain and simple, and uncontroverted, and the relief sought can be had by the order of the court upon motion, it is not apparent why a party should be driven to the trouble and expense and delay of a suit of equity, when equity cannot develop anything more than is manifest in the record upon the motion.   In most cases of this kind the power to grant relief is concurrent in the courts of common law and the courts of equity.   *Supervisors* v. *Durant*, 9 Wall. 736 ; *Morse* v. *Dewey*, 3 N. H. 535 ; *Rex* v. *Mayor of Grampond*, 7 T. R. 699 ; *Porter* v. *Goodman*, 1 Cow. 413.

Turning to the merits of the case, it is beyond question that the alleged levy and sale presumed to have been made by the marshal, although made at the instance of the attorney for the plaintiffs, were absolutely null and void ; since it has long since been decided that, by the common law, as it exists in the District of Columbia, no property but that in which the judgment debtor has a legal title is subject to execution at law.   *Van Ness* v. *Hyatt*, 13 Pet. 294.   The judgment was not a lien on the property sought to be reached, or on the defendant's interest therein ; the property was not subject to levy ; and no levy upon it could have been validly made.   If the levy was null and void, there could have been no valid sale, and no title could have been conveyed by the deed which purported to have been executed in pursuance of the sale.   The marshal received no money whatever as the result of the pretended sale, and he paid no money upon the judgment in the case.   His whole proceeding, from beginning to end, through no fault of his own, it is true, but as the result of misapprehension and mistake, was a baseless fabric of unreality ; and his return, which stated the contrary of all this, was a statement

wholly without foundation in fact. The defendant had no property of any kind taken from him, and his status has not been in the slightest degree changed ; and the plaintiffs have received nothing whatever in satisfaction of their judgment, notwithstanding the statement of satisfaction made by the marshal in his return. Is there not power in the court to correct the manifest error, and to direct the marshal to amend his return so as to make it conform to the truth ? We think there is; and we think that, when permission for leave to amend is asked by the marshal or is sought by any of the parties to the cause, it should always be granted, where the amendment is in furtherance of the ends of justice, and may, in the exercise of an enlightened discretion, be effected without injury to anyone. See Freeman on Executions, sec. 358, and numerous cases cited in the notes. The criterion of the limitation of the power would seem to be, from all the authorities, that it would be exercised except where the exercise of it would injure the rights of innocent third parties. *Brooks* v. *Hodson*, 7 Man. & Granger, 529 ; *Webber* v. *Hutchins*, 8 Meeson & Welsby, 319 ; *Ohio Life Ins. Co.* v. *Urbana Ins. Co.*, 13 Ohio, 220. There are no rights of third parties to be affected by the amendment in the present case.

We do not understand that this position, as a general rule, is controverted by the appellant. The argument is, that the plaintiffs here are concluded by the action of their attorney in directing the levy and sale, and by taking to themselves, by procurement of their attorney, a deed of conveyance of the property supposed to have been levied upon and sold.

But in this conclusion there is certainly no equity or justice. The levy and sale were absolutely null and void ; the deed to the plaintiffs conveyed nothing whatever ; there has been nothing realized from the sale notwithstanding the pretence to the contrary ; and there has been no satisfaction of the judgment, or of any part of it, notwithstanding the erroneous entry to that effect made by the marshal ; and no rights

of third persons have intervened. The whole proceeding upon the execution is a mistake, without any foundation in fact; and it would not be in furtherance of justice to permit it to stand, when it is conceded by all the parties and by the officer himself to have been wholly erroneous.

In the case of *Griffin* v. *Thompson*, 2 How. 244, 257, the Supreme Court of the United States held, that it was the right and the duty of a court in such cases to correct the irregularity of its officer; and it added that the marshal " is properly the officer of the law rather than the agent of the parties, and is bound to fulfil the behests of the law; and this too without special instruction or admonition from any person." From which it would follow, that even if he had been misled by any of the parties, or their attorneys, he has the right to correct his mistake; and there is no reason why the parties themselves should not move to correct the error which they have superinduced, unless their action has operated in fraud of the rights of others, or adverse parties cannot be restored to the position in which they were before the erroneous action was taken.

To the contrary have been cited the cases of *Freeman* v. *Caldwell*, 10 Watts, 1, and *Goodbar* v. *Daniel*, 88 Ala. 583, and the doctrine of *caveat emptor* as applicable to purchasers at judicial sales. Undoubtedly the general doctrine is well established that at judicial sales there is no warranty of title by the officer, and the purchaser only takes such title as the officer can give him; and that if the vendee is deprived of the property by title paramount, he can have no recourse to the officer who has made the sale or to the court to have the sale vacated in his favor. He should have inquired before he made the purchase. And it is only this doctrine that is affirmed by the case of *Freeman* v. *Caldwell*. But even if this doctrine should be held to apply to the plaintiff in the action, when he becomes a purchaser, which, under the authorities, we must regard as somewhat doubtful, and which does not seem to be demanded by any imperative rule of law, the distinction is equally as well established

the rule, contrary perhaps to what was held in the case of *Goodbar* v. *Daniel, supra,* that, inasmuch as a sale under execution always assumes to be of all the title and interest of the defendant in the writ, if such sale from any cause is so void that it cannot transfer this title and interest, the purchaser is not bound by his bid. *Commissioner* v. *Smith,* 10 Watts, 392 ; *Boggs* v. *Hargrave,* 16 Cal. 559 ; *Post* v. *Leet,* 8 Paige, 337 ; *Brown* v. *Frost,* 10 Paige, 243 ; *Shiveley* v. *Jones,* 6 B. Monroe, 275 ; Freeman on Executions, sec. 301.

There was here a pretence in the advertisement of sale that the marshal would sell all the right, title and interest of the judgment debtor in the property supposed to have been seized under the writ of *fieri facias* issued in the case ; the sale and the deed supposed to have been executed in pursuance of the sale were ineffectual to transfer to the purchaser the debtor's interest in the property, which was an equitable fee-simple ; and the purchaser, therefore, did not get what the debtor had and what the sale assumed to transfer. We do not think that the doctrine of *caveat emptor* has any application in this case.

We are of opinion that there was no error in the order appealed from, and that this order must be *affirmed, with costs. And it is so ordered.*