### LEONARD JACKSON *versus* INHABITANTS OF HAMPDEN.

An offer to be defaulted in pursuance of the provisions of St. c. 165, § 6, is not an admission of the contract as stated in the plaintiff's declaration.

The certificate of the majority of the superintending school committee as to the qualifications of a teacher, is to be regarded as *prima facie* evidence that they have performed their duty as well in notifying those who do not sign as in making the necessary examination.

If all the members of the committee have not received notice, a certificate by a majority is void.

A member of the committee does not waive his right to be notified by absence.

A teacher is not authorized to teach, and cannot recover pay without the requisite certificate of the superintending school committee, even though all the members neglect or wantonly refuse to examine him.

The certificate required is of the existing committee, and one of the committee of a former year though composed of the same individuals, would be unavailing.

THIS was an action of assumpsit brought by the plaintiff for services in keeping school in the town of Hampden, in district No. 15, in the winter of 1835–6.

The plaintiff introduced the certificate of Asa Matthews, preceptor of Hampden Academy, and a gentleman of collegiate education, dated Nov. 21, 1835 ; the certificate of Hannibal Hamlin, Esquire, dated Dec. 27, 1834 ; the certificate of the selectmen of the town of Newburgh, the town in which said Jackson lived, of his good moral character, dated Dec. 14, 1835. Plaintiff further read in evidence, as the admission of the defendants, the following offer to be defaulted. —

"Penobscot, ss.

"Supreme Judicial Court, Oct. Term, 1836. *Leonard Jackson* v. *The Inhabitants of Hampden.*

"And now the said-inhabitants of Hamden, on the first day of the term of said Court, by their agent, offer to be defaulted in said action, for the sum of ten dollars, debt or damage, and costs of court to be taxed by the Court according to law.

"Signed, Hannibal Hamlin, Agent and attorney for the town of Hampden ;" which offer in writing was filed the first day of said term in court, and so entered on the docket of said Court.

The plaintiff further offered in evidence the certificate of

Harvey Hawes, and Silas Baker, two of the superintending school committee of said Hampden for the year A. D. 1835, which being objected to, the Court refused to admit, without record proof that said Baker and Hawes were legally chosen and sworn.

The plaintiff then offered the records of the town of Hampden, by which it appeared that said Baker, Hawes, and Hannibal Hamlin, Esquire, of said Hampden, were duly chosen and qualified as said superintending school committee, and thereupon offered to read said certificate, which being objected to, was rejected by the Court. It appeared by the testimony of Charles Andrews, that the plaintiff, after having been hired by the agent of the said district, and before he commenced said school, offered himself for examination at said Hamlin's office, and that said Hamlin was absent; and the plaintiff hereupon again offered said certificate, which being objected to by the defendants, EMERY J. who tried the cause, rejected it, and nonsuited the plaintiff. To which ruling the plaintiff filed exceptions.

*A. G. Jewett*, for the plaintiff. The admissions of the defendant of record, and the offer to be defaulted, are a waiver of their right to contest the legal qualifications of the plaintiff. The offer to be defaulted admits the contract to have been legally made, leaving the amount due the only question to be settled. It is equivalent to a tender, and has the same binding force. *McLellan* v. *Howard*, 4 D. & E. 194; *Cox* v. *Brain*, 3 Taunt. 95; Roscoe on Ev. 31; *Morton* v. *White*, 4 Shep. 53; Bul. N. P. 298; *Dyer* v. *Ashton*, 1 B. & C. 3.

The plaintiff here did his duty by calling on the third member of the school committee. He did all in his power. The certificate of Hamlin, of the preceding year, and that of two of the committee, should have been received, leaving the effect of the evidence for subsequent consideration. The certificate of two being uncontradicted, is presumed to be the certificate of all. *Downing* v. *Rugan*, 21 Wend. 178; *Williams* v. *East India Company*, 3 East, 192; *Rex* v. *Haskins*, 10 East, 216.

It would be a fraud on the plaintiff, who has done all in his power, for the defendants to take advantage of the absence of the third member of the committee, which was caused by their own act. *Hartwell* v. *Littleton*, 13 Pick. 233; *Clark* v. *Great Barrington*, 11 Pick. 264.

No contract is here sought to be dissolved, and the same strictness is not necessary as when that is the case.

*H. Hamlin*, for the defendants. The offer to be defaulted has not the same effect as a tender. The object of the statute was to enable the defendant to settle a suit without further litigation. If it were to be considered as a tender, it is available to the plaintiff only to the amount tendered. It is no admission for the excess above the sum tendered. *Cox* v. *Parry*, 1 D. & E. 464. Fraud may be proved after a payment in court. *Muller* v. *Hartshorn*, 3 B. & P. 556. As to the rest, the plaintiff stands as if no offer had been made. *Stevens* v. *York*, 4 D. & E. 10; *Stodhart* v. *Johnson*, 3 D. & E. 657.

The cases cited for the plaintiff are where no statute qualifications are imposed upon him. The requirements of the statute are compulsory and cannot be waived. The plaintiff at his peril must have the necessary certificates; and if he does not have them he is liable for a penalty. The rights of these parties were determined, and the law on the facts presented in this report settled, when this case was before the Court. *Jackson* v. *Hampden*, 16 Maine R. 184.

The opinion of the Court was delivered by

SHEPLEY J. — When this case was before the Court on a former occasion, 16 Maine R. 184, it was decided, that all the members of the superintending school committee being notified, that they might have the opportunity to take part in its deliberations and decisions, a majority might perform the duties. And that notice should be given, although a member might then be absent from home. The proceedings of the committee then under consideration had reference to the discharge of the teacher; those now presented respect his qualifications. Ac-

cording to the principles of the former decision, the certificate produced signed by a majority of the committee, would not be sufficient if it appeared, that the other member was not notified. The fact that the teacher presented himself at the office of the other member and offered himself for examination cannot aid him. If all the members should neglect or even wantonly refuse to examine a person, he would not be authorized to teach and to recover his wages without the required certificate. The production of it is an indispensible prerequisite to a legal employment. Nor could the certificate of Mr. Hamlin of a former year be received. It was not given in the character of a member of the committee. It is the certificate of the then existing committee, which is required. The case does not present any facts, from which a waiver of legal rights can properly be inferred. The town could not dispense with any of the provisions of the statute or deprive any member of the committee of the right to be informed of its proceedings. Nor does a member waive his right to be notified by being absent. Notice to each member is not required so much to secure a private right as the proper performance of a public duty.

It is insisted, that the offer to be defaulted is an admission of the contract declared on. The statute, c. 165, § 6, by virtue of which the offer was made, does not appear to have been designed to afford the plaintiff any advantages, beyond what he might derive from the offer itself. The reasons upon which the rule was established, that a tender of a part admits the contract stated in the declaration, do not apply to an offer to allow the plaintiff to take judgment for a certain sum. Such offer may be made to avoid the risk of costs, where there may be a chance for the recovery of nominal damages or a small amount, where the defendant thinks that there is nothing due. The act determines the effect, that the offer is to have upon the rights of the parties ; and to decide, that it admitted the contract, would be to change that effect, and to defeat in a great degree the design of the act.

It does not distinctly appear from the case, that the other

member of the committee was not notified ; and the certificate of a majority may be regarded as *prima facie* evidence, that they have performed their whole duty as well in notifying those who do not sign, as in making the necessary examination. *Downing* v. *Rugar*, 21 Wend. 178. In the absence of proof that notice was not given to the other member, the certificate should have been received.

But when received the effect of it will be destroyed by proof, that he was not notified by the majority or by their order. It was stated at the argument, that no such notice was given and if such should prove to be the fact, the plaintiff can recover only the amount, for which the defendants offered to be defaulted.

*Exceptions sustained.*