## Asa T. Rolfe versus The Inhabitants of Cooper.

By St. 1834, c. 129, § 4, the production of the requisite certificates by the master is a condition precedent to his lawful employment by the school agent.

The master is *prima facie* entitled to receive his stipulated compensation upon proof that he had been employed by the agent, and that the agreed services had been rendered.

If the town, notwithstanding the employment of the master by the school agent, would avail themselves of the want of the requisite certificates, they must prove that fact.

THIS was an action of assumpsit, on an account annexed, to recover for his services as a schoolmaster in the town of Cooper.

From the report of SHEPLEY J. who tried the cause, it appeared by the testimony of William McPhetres the school agent, that he employed the plaintiff to teach school in district No. 6; that there were three members of the school committee that year, that the plaintiff exhibited a certificate from two of the committee, likewise a certificate of good moral character from the selectmen of Princeton, and a certificate from a person liberally educated, that he was well qualified to teach a school. It likewise appeared that he rendered the services to recover compensation for which this suit was brought.

Upon this evidence a verdict was rendered for the plaintiff, which the counsel for the defendant moved to set aside as against law.

*P. Thacher*, for the defendants. The jury had no right to infer that the requisite certificates had been given, from the evidence in the case. St. 1834, c. 129, § 4, 5, requires a certificate from the school committee of the town. The one

produced was signed by but two. When he commenced there was no evidence that he had the requisite certificates. Not producing them the presumption is that they did not exist.

*Bridges,* for the plaintiff. The plaintiff was employed by the town agent. St. 1834, c. 129, § 4, provides that the master shall produce certain certificates before the agent can legally employ him. It will be presumed the agent did his duty, that he called for the proper certificates, and that they were produced. The Court will not presume a neglect of duty. 1 Phil. Ev. 158.

The opinion of the Court was by

WESTON C. J. — The agent for the school district was officially charged with the duty of employing a master. While acting within the scope of his agency, he is the duly authorized organ of the town. By the Statute of 1834, c. 129, to provide for the instruction of youth, § 4, no person can be employed as a schoolmaster, who does not produce the certificates therein prescribed. The production of the certificates, is a condition precedent to his lawful employment. The agent, like other officers clothed with a public trust, must be presumed to have done his duty. He cannot be taken to have violated the law, without affirmative evidence. When therefore he employs a master, and the services are actually performed, upon proof of this, the master is *prima facie* entitled to the stipulated compensation.

The fifth section of the same statute imposes a penalty upon the master, for presuming to keep a school, without having first produced the requisite certificates; and he is in such case further barred from recovering any compensation. If the town, notwithstanding his employment by the agent, would avail themselves of this bar, they must prove the delinquency, upon which it is based. No proof to this effect was adduced by the defendants, and the testimony for the plaintiff, was of a character to strengthen the implication arising from his employment, that he had conformed to the requirements of the statute.        *Judgment on the verdict.*