NATHAN DORE & *ux. versus* EZRA BILLINGS.

If the instructer of a district school has performed his duties acceptably, and according to his contract with the legal agent, yet if he did not obtain the certificates required by the statute, c. 17, he cannot maintain any suit against the town for the recovery of his wages.

Towns alone are responsible for the support of schools, and they alone are liable for the payment of the instructers. The agent of the school district is the agent of the town for the employment of an instructer in the district.

But if it was not the pleasure of the town to refuse to pay an instructer his wages, because he had neglected to comply with the provisions of the statute as to procuring the required certificates; and if the town has paid to the person who held the place of agent of the district so much money as would be sufficient to pay the instructer and for his use, and it was so received by the agent, it would become the property of the instructer, and he might maintain an action against the agent to recover it. But if it was not so paid and received, the instructer would have no legal claim upon it.

EXCEPTIONS from the Western District Court, GOODENOW J. presiding. The whole of the evidence introduced at the trial

is given in the exceptions, the substance of which appears in the opinion of the Court. It was all on the part of the plaintiffs. The presiding Judge ruled that the action could not be maintained, and ordered a nonsuit. The plaintiffs filed exceptions.

*Clifford & Paine*, for the plaintiffs, said that there appeared to be misapprehension in some towns respecting the powers and duties of towns and school districts and school district agents, and in North Berwick among the rest. The assignment of the amount to which the school districts are entitled, respectively, does not make this the money of the agent or of the district, but it remains the money of the town. When the instructer has performed the service according to contract he is entitled to have his payment from the town.

We do not contend, therefore, that if matters had remained as they were, when the school was finished, that the action could have been maintained against the present defendant. Nor do we apprehend, that it is necessary for us to contend, that the certificate of one of the superintending school committee, acting for the whole with their consent and request, but without their being present, would be sufficient to bind the town. The town had the right to waive any objection, and pay the amount justly due. 7 Greenl. 91; 1 Pick. 123; 12 Mass. R. 307; 16 Mass. R. 102; 3 N. H. R. 38; 15 Maine R. 461; 16 Maine R. 45; 20 Maine R. 37.

The defendant applied to the town for the money to pay the instructress; the town waived any right to object the want of a proper certificate, and paid the money to the defendant for the express purpose of paying her; and he holds it for her use. This is sufficient to enable her to maintain the present action. 9 Mass. R. 272; 12 Johns. R. 385; 17 Mass. R. 575; 2 Kent, 631. The defendant has no right to object to the plaintiffs' certificate as insufficient, and he did not do so. He paid her a part of the money, and objected to the payment of the residue only on account of a difficulty between him and his own mother about the board of the teacher.

The school district has no claim upon him for the money. *School Dis. in Sanford* v. *Brooks,* 23 Maine R. 543 ; *Weston* v. *Gibbs,* 23 Pick. 20.

The payment of a part of the money is an acknowledgment that he received the money for her use.

*Appleton* and *J. S. Kimball* argued for the defendant, and contended, that Mrs. Dore was not entitled to receive payment for instructing the school, because it was done in direct violation of law. The contract was entirely void, and cannot be a valid foundation for an action against the town or the agent. *Greenough* v. *Balch,* 7 Greenl. 461 ; *Deering* v. *Chapman,* 22 Maine R. 488 ; *Wheeler* v. *Russell,* 17 Mass. R. 258.

The school money did not belong to the district, or to the school agent, but to the town. 11 Pick. 260 ; 23 Maine R. 543.

The whole sum which had been assigned to the district, was put by the town into the hands of the defendant, not to pay the plaintiff, but to be by him appropriated according to law ; and he is accountable for it only to the town. *French* v. *Fuller,* 23 Pick. 108. If the money has not been expended according to law, and in this case it is certain that it was not, the district may, and should, go on and expend it ; and the town could not resist the payment.

They denied, that there was any express promise to pay the money to the plaintiffs. And even, if there had been, it would have been without consideration ; and would have been void also, as an attempt to enforce an illegal contract.

The payment of a portion of a claim set up by the plaintiffs, when they were entitled to no part of it, can give no right to recover the remainder.

There can be no implied promise to pay money, when the transaction is made illegal by a statute.

The opinion of the Court was drawn up by

SHEPLEY J. — The defendant, having been legally chosen agent for school district numbered seven in the town of North

Berwick for the year 1843, employed Dorcas S. Butler, now the wife of the other plaintiff, to teach school in that district during a part of the winter of 1843–4. The district had appropriated its share of the school money for the support of such school. She appears to have performed her duties acceptably and according to her contract. She did not obtain the certificates required by the statute, and cannot therefore maintain any suit against the town for the recovery of her wages.

The bill of exceptions states, "that at the close of the school, the defendant having received from the town the amount of money belonging to said district, for 1843, paid her the wages, but has not paid her the ten dollars for board."

The plaintiffs claim to recover in this suit the balance due to her, as so much money received by the defendant to her use. Towns alone are responsible for the support of schools, and they alone are liable for the payment of the teachers. The agent of the district is the agent of the town for the employment of a teacher in the district. When the service has been performed according to the contract, which he has made, he should make out a certificate directed to the selectmen, stating the facts necessary to enable the teacher to obtain payment. Upon presentment of that certificate, the selectmen, being satisfied that the teacher has complied with the provisions of the statute, should draw an order upon the treasurer of the town in favor of the teacher for the amount due, to be paid out of or charged to the fund assigned to the district.

The town of North Berwick appears to have adopted a different course, and to have paid to the agent of the district the amount of money assigned to it after the teacher had fulfilled her contract. If so much of that money, as would be sufficient to pay the amount due to the teacher, was paid to the defendant and by him received for her use, it would become her property. If not so paid and received, she could have no legal claim upon it. It would not become her money, but would continue to be the money of the town, in the hands of its agent, and subject to its control. If it was not the pleasure of the town to refuse to pay her wages, because she had neglected to

comply with the provisions of the statute by omitting to procure the certificates required, one, who had received the amount due to her from the town for her use, could not make that objection, and thereby relieve himself from the payment.

Whether the defendant has received money of the town for her use would seem to be rather a question of fact than of law. The inquiry would arise, in what character and for what purpose did he receive the money.

There is testimony tending to prove, that the defendant received so much of that amount, as was due to the teacher for her use. He has paid to her the greater portion of it. A witness testified, that he stated, that ten dollars was to pay for her board, and that he should have paid it to her, but for humoring some of his neighbors.

There does not appear to have been any testimony tending to prove, that the money for the payment of her board was not as really received to her use as the amount paid over to her for wages. Or any testimony to prove more clearly the purpose, for which he had received the money.

A jury would have been authorized upon such testimony to conclude, that the defendant had received of the town the amount due to the teacher for her use.

*Exceptions sustained and*

*new trial granted.*