Jose *v.* Moulton.

## JOSE *versus* MOULTON.

A person who instructs a town school without the statute certificate from the Superintending School Committee, cannot recover his wages against the *town.*

And if for the year in which such school is kept, no Superintending School Committe has been chosen, such omission of the town will not aid the plaintiff to recover.

Nor can *'such teacher* collect his wages from the agent who employed him, although the district itself, might not in all respects, have been originally legally established, or such agent might not have been sworn.

On Facts agreed.

Action on the Case.

In September, 1849, the defendant claiming to act as agent of district No. 9, in Scarborough, agreed with the plaintiff to teach their school the following winter, at a price agreed. The contract was performed, and at its termination the plaintiff received a certificate from defendant in his capacity of agent, of the amount of his wages as due from the town.

In 1836, the limits of the school district were described upon the town records, but no acceptance was found. But the town had set off individuals from that to other districts; and the inhabitants residing within the limits of the supposed location, had usually acted as a district.

For the year 1849, three Superintending School Committee were chosen, but neither of them were ever sworn, and two of them did not reside in the town of Scarborough.

The agent was not sworn until May 7, 1850.

It was stipulated, that the Court might draw such inferences as a jury might, and render judgment according to the legal rights of the parties.

*Fox,* for the plaintiff.

*Butler,* for the defendant.

TENNEY, J. — The plaintiff seeks to hold the defendant liable for his wages for instructing a school in district No. 9, in Scarborough, in the municipal year 1849, on account of

an omission in the records of the town, to show, that the district was legally constituted, the defendant having employed the plaintiff, assuming to act in the character of agent for such district. Unless compelled by inflexible rules of law, a court would reluctantly hold liable a person who honestly believed himself the agent of a school district, authorized to act as such, which district for many years had been recognized by the town in its corporate action, and by the citizens of the territory composing it, and which had received the proportionate part of the money raised for the support of schools, merely because the records failed to show all the required formalities in its erection. But we do not find ground to hesitate in coming to a conclusion in favor of the defendant, upon the facts of the case.

The plaintiff contracted with the supposed agent to keep a school for the town of Scarborough, in district No. 9. He understood it to be a town school. This is manifest from the fact, that at the close of the school he took from the defendant, a bill signed by him as agent for that district, against the town for his wages, at the price agreed; and it is also manifest from the averments in his writ.

If the plaintiff, by his own neglect of duty, was unable to recover his wages of the town, for instructing in a legally constituted district, he cannot be permitted to avail himself of such omissions in the town's proceedings, in the attempt to form the district, which omissions prevented the attainment of their object, and for that cause hold the defendant personally liable.

No person under the penalty provided by R. S., c. 17, § 45, shall teach any public school, without the certificate therein specified. Stat. 1847, c. 25, § 6. And by the section referred to in that provision, the person so teaching, shall, in addition to a forfeiture, be barred from recovering any pay for teaching the school.

The plaintiff had no certificate, that he possessed the requisite qualifications, and such certificate as he had, was not from the superintending school committee for the year in

which he kept the school. *Jackson* v. *Hampden*, 20 Maine, 37.

The case finds that two of the committee for the year 1849, were not residents of the town of Scarborough, and neither of them took the oath of office. Assuming that there was no committee that year, authorized to act as such, the plaintiff cannot therefore recover, against the express prohibition in the statute. In *Jackson* v. *Hampden*, just referred to, it is said by the Court, " if all the members [of the committee] should neglect, or even wantonly refuse to examine a person, he would not be authorized to teach and recover his wages without the required certificate. The production is an indispensable prerequisite to a legal employment." And it is no less so in this case.

*Plaintiff nonsuit.*

SHEPLEY, C. J., and HOWARD and APPLETON, J. J., concurred.