FURNAS, IRISH & CO., PLAINTIFFS IN ERROR, v. ADOLPHUS G. FRANKMAN, DEFENDANT IN ERROR.

1. **Agency:** AUTHORITY TO APPOINT SUB-AGENTS. An agent can do for his principal only that which his principal authorizes. Ordinarily an agent appointed to transact a particular business has not thereby a right to make another person the representative of his principal.

2. ———: ———. But when the general agent is specially authorized to employ sub-agents to act in the name of his principal, the further authority to bind the principal for their payment will be implied.

3. ———: ———. A private understanding between the principal and general agent, by which the latter was, himself, to pay such sub-agents for their services, would not bind them if not brought to their notice.

4. ———: PRINCIPAL BOUND, WHEN. The acts of a general agent with reference to the subject of the agency will bind his principal, although he may have received private instructions narrowing his authority, unless such instructions are known to the party dealing with him.

ERROR from the district court of Lancaster county. The cause was tried before a referee, whose report was confirmed and judgment rendered by LAKE, CH. J., at the April term of said court, A.D., 1875, in favor of Frankman for the sum or $237.50. The defendants there, Furnas, Irish & Co., brought the cause here by petition in error. Further facts, necessary to an understanding of the points decided, appear in the opinion.

*Brown, England & Brown,* for plaintiffs in error.

*Lamb, Billingsley & Lambertson,* for defendant in error.

No briefs on file.

LAKE, CH. J.

The only question in this case is whether the facts found by the referee justified his conclusion that the plaintiffs in error were liable on the contract under which the defendant performed the service for which the action was brought. No question is raised as to the sufficiency of the evidence to establish all the facts found by the referee, which, so far as they concern the present issue, are substantially as follows:

In July, 1873, Frankman applied to Robert W. Furnas, one of the members of the firm of Furnas, Irish & Co., to be employed in canvassing for orders for nursery stock, the firm being then engaged in the nursery business. Furnas did not employ but sent him to one John H. Martin, who was then the agent of the firm, "with very general authority to superintend, manage, and carry on said business," which he did, "*in their firm name.*" Furnas, at the same time, telling him that "Martin was doing all their business in the nursery line." Frankman, thereupon, applied to Martin, who

employed him in the name of the firm, " to engage in the business of selling, packing up, and delivering nursery stock for Furnas, Irish & Co. during the winter and spring of 1874," etc. By virtue of this employment, and under the direction of Martin, services were performed of the value found by the referee.

The chief objection to the referee's conclusion of law seems to be based on the fact, that by the terms of Martin's engagement with Furnas, Irish & Co., he " was not authorized to employ other agents for and on behalf of the firm, so as to make it liable for their services." That all sub-agents " were to be Martin's agents, and they were to look solely to him for compensation for their services."

Undoubtedly, if Frankman had been aware of this restriction upon Martin's authority, it would have proven an insuperable objection to his recovery, and he would have been compelled to look to Martin alone for compensation. And, doubtless, it would have been the same had he not been led to believe by the firm itself that Martin was possessed of all the authority in and about the business that he assumed to exercise. " An agent can do for his principal only that which his principal authorizes; and if the principal appoint an agent to act for him as his representative in any particular business, this agent has not thereby a right to make another person the representative of his principal." 1 Parsons' Contracts, 71.

But here, in addition to the declaration of Furnas, that " Martin was doing all their business in the nursery line," the referee found that Frankman " had no knowledge that Martin was not authorized to enter into the contract " in the name of the firm, " but on the contrary, he was informed by Martin, and believed that he had such authority." It was also known to him " that Martin had, and exercised, the superintendence and man-

agement of said business, and carried on the same in the firm name of Furnas, Irish & Co."

It is clear that the facts found by the referee constituted Martin the general agent of Furnas, Irish & Co., in the sale of nursery stock, with full authority to employ subordinates to solicit orders in the name of the firm. And this authority included also the power to bind his principals for the payment of compensation as to all persons not advised of the private understanding by which Martin himself was to pay those whom he should thus employ. It is settled law that the acts of a general agent, with reference to the subject of the agency, will bind his principal, although he may have received private instructions narrowing his authority, unless such instructions are known to the party dealing with him. *Manning v. Gasharie*, 27 Ind., 399.

We are of opinion that the referee was clearly right in his application of the law to the facts found by him, and that the judgment of the court below must be affirmed.

JUDGMENT AFFIRMED.