Scales v. Paine & Co.

THOMAS SCALES, APPELLEE, v. C. N. PAINE & Co., IMPLEADED WITH HERMINE LEPIN ET AL., APPEL-LANTS.

1. **Husband and Wife:** AGENCY. Where a husband, having general authority as agent of his wife to do business for her, entered into a contract with P. & Co. for lumber and building material to erect a hotel on a lot owned by her, *Held,* That P. & Co. were entitled to a mechanic's lien on the premises.

2. **General Agent:** POWER. The power of a general agent cannot be restricted by secret instructions of which the party dealing with him has no notice.

3. **Evidence** examined and judgment reversed as being against the evidence, and the cause remanded for the entry of judgment in favor of P. & Co.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Lamb, Billingsley & Lambertson* and *Batty & Ragan,* for appellants.

*James Laird* and *B. F. Smith,* for appellee.

MAXWELL, J.

This action was brought in the district court of Adams county to foreclose a mechanic's lien upon certain real estate owned by Hermine Lepin. C. N. Paine & Co. were made defendants upon the ground that they claimed a mechanic's lien upon the same real estate. On the trial of the cause in the court below judgment was entered in favor of the plaintiff for the sum of $690, and the same was declared a lien upon the premises, and the court found against the defendants C. N. Paine & Co., and dismissed the cross petition. They appeal to this court.

The principal objection is that the judgment is against the weight of evidence. It appears ·from the testimony that Hermine Lepin is the wife of Herman Lepin, who was her agent, and seems to have had full power and authority to enter into contracts in relation to the building in question (a hotel) in her name. All the testimony tends to show a general agency on his part, and this being so no secret limitation of the power can restrict his authority, unless it was known to those with whom he was dealing. *Furnas et al. v. Frankman,* 6 Neb., 429. As there is no proof of such knowledge on the part of Paine & Co., Mrs. Lepin, as principal, is bound by the contracts in relation to the hotel made for her by her husband.

*Second.* The Lepins contend that they made a contract with the plaintiff to erect the building and furnish all the material; but Paine & Co. deny that they sold any portion of this material to the plaintiff. They allege that they sold the material to Herman Lepin for his wife, and that they refused to credit the plaintiff, who was then indebted to them. This view of the case is sustained by the testimony of a number of witnesses, and is not specifically denied by any. Both the plaintiff and Herman Lepin make general denials, but material facts which are not denied show beyond question the truth of the claim of Paine & Co. No-

thing would be gained by a recapitulation of the testimony. In our opinion it shows beyond controversy that Paine & Co. sold the lumber and building material to Herman Lepin for his wife for the purpose of erecting the hotel in question, and that Paine & Co. have a valid mechanic's lien upon the real estate for the amount of their claim.

The cause is remanded to the district court to enter a judgment in conformity to this opinion.

REVERSED AND REMANDED.