HERMINE LEPIN ET AL., APPELLANTS, v. C. N. PAINE & CO., APPELLEES.

1. **Interest.** Under the provisions of the act of 1879 regulating the rate of interest, a judgment not founded on a contract for a higher rate will draw but seven per cent.

2. ———: ACCOUNTS. An account draws interest at the rate of seven per cent from six months from the date of the last item.

APPEAL from Adams county. Heard below before MORRIS, J.

*Brown & Ryan Brothers,* for appellants.

*Batty & Ragan,* for appellees.

MAXWELL, J.

This case was before the court in 1882, and is reported in 13 Neb., 521, the judgment of the court below as to Paine & Co. being reversed and remanded, with directions

to enter judgment in their favor for the amount of their claim, etc. The district court thereupon rendered judgment for the sum of $1,480.11, and to foreclose the mechanic's lien on the premises in question in favor of Paine & Co. The plaintiff then filed a motion to correct the judgment by reducing the amount thereof to $690; to compute the interest thereon at seven per cent; to tax the defendant with the cost of the proceedings; also that the judgment in favor of Scales be reduced to the extent of the amount of the judgment in favor of Paine & Co. The motion was overruled, and the plaintiff herein appeals.

1. As to the first point in the motion, we see no ground for reducing the judgment to $690. The amount claimed in the cross-petition is $1,142, with interest from the tenth day of December, 1879, and the proof sustains this claim except as to interest. The date of the last item in the account is Dec. 3d, 1879, and as under the statute the account would not commence to draw interest until six months from the date of the last item, there was error in computing it from the date of the account.

2. Sec. 3 of the act of 1879, regulating the rate of interest, provides that "interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof, at the rate of seven dollars upon each one hundred dollars annually until the same shall be paid, unless the judgment is founded upon a contract drawing a higher rate of interest, not exceeding ten per cent, when the judgment will draw the same rate as the contract." In other words, if there is no contract for a higher rate the judgment will draw seven per cent, and the same rule will apply to an account. As no contract for a higher rate is shown, Paine & Co. are entitled to but seven per cent interest, and the judgment will be modified to that extent. *State v. Scott*, 17 N. W. R., 263.

3. We can see no good reason why the costs in the action, except those made by Scales, should not be taxed to

the Lepins. They have contested the claim at every step, and it shows considerable assurance after being defeated to come in and seek to tax the costs to the successful party.

4. The Lepins are entitled as against Scales to set off the judgment in favor of Paine & Co. against the judgment recovered by Scales against them, and thus modified, the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.