THE SAXONIA MINING AND REDUCTION COMPANY v. COOK.

1. Where one is employed to serve for a definite term, as for a year, and is discharged before the expiration of the term without fault on his part, he has a right of recovery, either for the balance of wages due, or damages for the loss he may have suffered by reason of the wrongful discharge.

2. In an action for a breach of contract, in such case, whether brought before or after the end of the term, the measure of damages is not the amount of wages stipulated in the contract for the entire term, but the actual loss, although the amount of the agreed wages may be taken as the measure of damages *prima facie*, or in the absence of any other showing.

3. In such case the plaintiff cannot recover the wages accruing for the balance of the term *as a matter of course*. He is bound to use reasonable efforts to secure labor elsewhere.   If he secures labor, or by reasonable diligence might have done so, the amount received, or that might have been received, must be deducted from the amount of damages occasioned by the breach of the contract.

4. While the defendant may mitigate the damage to the extent of what the plaintiff might have earned from other parties during the term, the burden of establishing such mitigating facts is on the defendant.

5. The power of a general agent cannot be restricted by secret instructions of his principal, so as to affect a party dealing with such agent, without notice of the covert instructions.

6. In pleading, ultimate and not evidential facts must be stated.   A breach must be stated, or there is no cause of action shown.   The essential facts must be stated in unequivocal language, and not left to be inferred.   The plaintiff is not at liberty to make out his case by proving facts not alleged in his complaint.

*Appeal from District Court of Arapahoe County.*

THE facts are stated in the opinion.

Messrs. DECKER and YONLEY, for appellant.

Messrs. INGERSOLL and CRATER, for appellee.

STONE, J. The only question one need to consider in this case is, whether the complaint is sufficient to support the judgment. The complaint contains two counts, the second of which is wholly insufficient for any purpose, and cuts no figure in the case. The first count is as follows, viz.: "The said plaintiff, complaining of the said defendant, complains and alleges: That on the 27th day of May, 1880, the said defendant entered into a certain agreement with the plaintiff, in and by which the said defendant hired and employed the said plaintiff for the term and period of one year from the 15th day of April, 1880, to do and perform certain service and labor, and promised and agreed then and thereby to pay the said plaintiff the sum of $125 per month for the first three months of said term, and the sum of $150 per month for the remaining months of said term; that the said plaintiff then and there, in pursuance thereof, entered into the employment of said company, and performed the service required, and is still able and willing to comply with the terms of said agreement, upon his part to be kept and performed. That the said defendant neglects and refuses to keep and perform its said agreement, to the damage of this plaintiff of the sum of $1,090. That no part thereof has been paid."

The answer of the defendant company below is a specific denial of each and every of the allegations of the complaint, as above set forth, and further "denies that it is indebted to the plaintiff upon any contract whatsoever, or for work and labor performed by the plaintiff for the defendant; but says that whatever labor has been

performed by plaintiff for the defendant, has been paid for by the defendant and received by the plaintiff, in full satisfaction and discharge of said work and labor."

The facts established by the evidence on trial are, that the plaintiff was engaged by the defendant to perform services of work and labor as refiner in the smelting works of the defendant company for the term of one year from April 15, 1880, upon the terms as to wages the same as alleged in the complaint; that in accordance with this engagement, plaintiff entered upon said work and performed the same in a satisfactory manner up to the 7th of August, 1880; that he was paid for the same from time to time at the rate aforesaid; that on the said 7th of August he was paid in full for services up to that date, when the works were closed by the defendant, and plaintiff, with the other employees of the works, was discharged, the only reason for such discharge being that the defendant chose to shut down the works on account of alleged dissatisfaction with the superintendent of the company; that thereafter the plaintiff remained at the locality of the defendant's works, where he had been employed, until the spring of the next year, 1881, without engaging in other work; that from November 1, 1880, until March 1, 1881, he had the keys of said smelting works, and during that time did some work without being specially re-engaged by defendant, and without having been paid anything therefor; that the keys were given him by the same superintendent who engaged him on behalf of the company in the first place, and that this latter work was done by direction of said superintendent; that he did no work after the 25th of February, 1881, for the reason that no more work was provided by defendant for him to do.

The only matters of defense set up by defendant on the trial were, *first*, that the said superintendent was not authorized to employ plaintiff or any other employee, except on condition that such employee might be discharged

at the pleasure of the president of the company (who resided outside the state of Colorado), or upon one day's notice; but with this condition, said superintendent had "full and complete power from the defendant company to hire, employ and discharge any and all workmen or employees of said company;" and *second*, that the plaintiff was discharged and paid in full on the 7th of August, 1880, and that therefore defendant was not liable to plaintiff for anything after that date. Plaintiff admitted payment in full to said date for services rendered up to that time, but testified that he did not understand that he was discharged under the contract.

The suit was brought before the expiration of the year for which plaintiff claims he was engaged, to wit: October 22, 1880. The trial was held in December, 1881.

Where one is employed to serve for a definite term; as for a year, and is discharged before the expiration of the term, without fault on his part, he has a right of recovery either for the balance of wages due, or damages for the loss he may have suffered by reason of the wrongful discharge. "A person employing another for a definite term is bound to provide him with labor for the whole term, and cannot deduct from the wages of the servant for time that he was not at work, when the failure results from his own fault. The fact that the business proves unprofitable is no excuse; if the master chooses to go out of the business, he can do so, but must pay the servant his actual damages for not employing him for the stipulated term." Wood's Law of Master and Servant, sec. 97, and cases cited.

When a servant is discharged without a sufficient legal excuse before the expiration of his term, he has his choice of two remedies: he may treat the contract as rescinded, and at once bring an action for the value of the services rendered; or he may treat the contract as continuing, and sue for a breach thereof, and recover his probable damages occasioned by the breach, or in some

cases he may defer suit until the end of the term, and sue for the actual damage he has sustained, which, however, can in no case exceed the wages for the entire term.   Id. sec. 125, and authorities cited; Smith, Master and Servant, p. 91; Sutherland on Damages, p. 471.

Under the remedy in the latter class of cases, *i. e.*, where the action is for breach of the contract, whether brought before or after the end of the term, the measure of damages is not the amount of wages stipulated in the contract for the entire term, but the actual loss, to be established by proof, although the amount of the agreed wages may be taken as the measure of damages, *prima facie*, or in the absence of any other showing.   He cannot recover the wages accruing for the balance of the term *as a matter of course.*   He is bound to use reasonable efforts to secure labor elsewhere.   If he has secured labor elsewhere, or by reasonable diligence might have done so, the amount received, or that might have been received, for such labor, is to be deducted from the amount of the damages occasioned by the breach of the contract sued upon.   Wood, Master and Servant, sec. 125, and cases cited; 2 Sutherland on Damages, p. 473.

But while the defendant in such case is entitled to mitigate the damage to the extent of what the plaintiff might have earned from other parties during the term, the burden of establishing such mitigating facts is upon the defendant.   Id. sec. 132; *Howard v. Daly*, 6 N. Y. 362; *Barker v. Knickerbocker Life Ins. Co.* 24 Wis., 630.

The instruction to the superintendent by the president of the defendant company, limiting the power of the former to employ only on condition that the person employed could be discharged at will, was no defense, under the facts in this case.

The power of a general agent cannot be restricted by secret instructions of his principal so as to affect a party dealing with such agent, without notice of the covert instructions.   *Scales v. Paine & Co.* 13 Neb. 521.

Tested by the foregoing rules of law, and under the facts of the case presented by the record, the appellee undoubtedly had a right of action against appellant at the time of commencing his suit. But testing the complaint by the same rules, we cannot pronounce it sufficient to sustain the judgment rendered thereon. There is not averred a sufficient cause of action to either inform the defendant of the precise ground upon which recovery was sought, and which the defendant was called upon to defend, or to warrant the rendition of a judgment for either of the two causes of action, to wit: wages due for actual services rendered, or damages for breach of the contract.

Since the facts established by the evidence in the case show that nothing was due plaintiff as wages for services actually rendered prior to the commencement of the suit on the 22d day of October, 1880, it may perhaps be fairly presumed that the object of the suit was to recover damages for a breach of the contract. But no breach is sufficiently set out. The averment that "the defendant neglects and refuses to keep and perform its said agreement, to the damage of the plaintiff," etc., is insufficient. Did the pleader intend by this averment to allege a breach of the contract to pay the certain wages stipulated, or the contract to employ for a year? Or was it intended to cover both?

As we have seen, the servant can have but one action — either for wages due, or for damages; he cannot have both. *Howard v. Daly, supra.* In the case before us the cause of action of the plaintiff was clearly not for wages, but for damages for breach of the contract. The defect in the complaint is not cured by the mere abolition of *forms* of action under the code practice. The allegation of the very cause of action is wanting. The code requires that the complaint shall contain "a statement of *the facts constituting* the cause of action." The facts constituting the breach should have been alleged; not the

evidence of those facts, but simply a clear and concise statement of such facts; ultimate, not evidential facts, must be pleaded.  In other words, if the breach consisted in a wrongful discharge of the plaintiff by the defendant before the end of the term of employment, such wrongful discharge, as a breach of the contract, should have been averred as the fact constituting the cause of action.

"Clearly a breach must be stated, or there is no cause of action shown; the essential facts must be stated in unequivocal language and not left to be inferred." *Moore v. Besse*, 30 Cal. 570.

The case of *Van Schaick v. Winne et al.* 16 Barb. 90, presents a question which is on all-fours with the one we are considering.  There the only averment of a breach was that the defendant "failed to fulfil his obligations by virtue of said instrument."  The court held this wholly insufficient, and that it was a mere conclusion of law, to be derived from the facts when they are made to appear, and was not an issuable fact.  The court say, further, "The plaintiff should have stated such facts as, if controverted, he intended to prove, to show a breach of the agreement.  *  *  *  To say that he has failed to fulfil his obligations, is no more than saying that he has broken his contract, or that the plaintiff is entitled to judgment.  It involves no question of fact.  It is merely the plaintiff's inference from a state of facts which he has not thought fit to disclose."  The same rule is laid down by Mr. Bliss in his work on code pleading, section 210.  The plaintiff is not at liberty to make out his case by proving facts not alleged in his complaint.  *Bristol v. R. & S. R'y Co.* 9 Barb. 158.  So in the case at bar, here was no issuable fact pleaded, and the denials of the answer put the case to trial upon an immaterial issue, or rather no issue, as to the cause of action.  Judging from the specific sum claimed in the complaint, to wit, $1,090, and the sum for which judgment was rendered, viz., $1,050, and also looking to the instructions of the court

given on the trial, it would appear that the verdict and judgment were based on some exact computation of wages due under the contract for both actual and constructive services for a specific time, including the services which the plaintiff testified that he rendered after the commencement of the suit, and hence such judgment is in violation of the rules of law herein laid down as governing such cases, and cannot be allowed to stand. Had the case been tried upon proper issues, we do not think the assignments of error which go to the evidence allowed by the court on behalf of the plaintiff would be well taken.

The judgment will be reversed and the cause remanded.

*Reversed.*