EQUITABLE LIFE ASSURANCE CO., PLAINTIFF IN ERROR, v. SAMUEL M. BROBST, DEFENDANT IN ERROR.

1. **Insurance:** AUTHORITY OF GENERAL AGENT. Where the general agent of a life insurance company employs an agent to solicit risks, the company will be bound by the contract of employment unless the person employed had notice of private restrictions upon the authority of such agent.

2. ———: EVIDENCE CONFLICTING ON AGENCY. If the employment is admitted, but it is claimed that it was entered into by the general agent in his own name and for his benefit; where the evidence is conflicting the question must be submitted to the jury and its finding will not be set aside if sustained by sufficient evidence.

ERROR from Adams county. Tried below before MORRIS, J.

*R. A. Batty*, for plaintiff in error.

*Capps & Cliggitt*, for defendant in error.

MAXWELL, J.

This action was brought by the defendant in error against the plaintiff to recover for his services in soliciting risks of life insurance for the society. He states in his petition that he was employed by an agent of the company

and had rendered services of the value of $350, on which there was a credit of $25.00.

The insurance company in its answer alleges that W. W. Craine, with whom the contract was made, "is the agent of the defendant for all of its business of the northwest; that said W. W. Craine receives a commission on all of said business coming through his office; that said W. W. Craine has not or ever did have any authority to appoint agents for the defendant. The defendant denies that said plaintiff was ever employed by W. W. Craine as the agent of the defendant, but alleges the truth to be that plaintiff was employed as the agent of W. W. Craine with the express understanding and· agreement that he should have no claim on the defendant. It is also alleged that one E. W. Connor, who assisted the plaintiff below in securing the premiums, was not the agent of the insurance company, but was employed by Craine.

On the trial of the cause the jury returned a verdict for $325.00 and interest in favor of the plaintiff below, and judgment was rendered on the verdict. Exceptions were taken by the insurance company to a number of the instructions given and for the refusal to give certain instructions, but no reference is made thereto in the brief filed by its attorney and the errors, if any, will be considered waived. The only question, therefore, for consideration is, does the evidence sustain the verdict?

The testimony tends to show that in February and March, 1882, W. W. Craine employed the plaintiff below to solicit risks of life insurance; that in pursuance of such employment he did go to Hastings to solicit insurance, and in connection with Mr. Connor, who was sent by Craine to assist him, policies to a large amount were issued, the first premiums on which amount to $2,000 or more; that this money was all paid to Connor, who it is claimed sent the same to the company, and that Connor paid the plaintiff below $25, which is all the compensation he received.

All the testimony shows that the plaintiff below rendered
the services, and that a fair compensation would be the
sum claimed.    Was Mr. Craine the general agent of the
insurance company?    And if so, did he on behalf of the
company employ the plaintiff below?

All the testimony tends to show that Craine was the
general agent of the company.    The rule is well settled
that the acts of a general agent with reference to the sub-
ject of the agency will bind his principal, although he
may have received private instructions narrowing his
authority, unless such instructions are known to the party
dealing with him.    *Furnas v. Frankman*, 6 Neb., 429.
*Johnson v. Jones*, 4 Barb., 369.    *Bryant v. Moore*, 26 Me.,
84.    *Davenport v. P. M. &. F. Ins. Co.*, 17 Iowa, 276.
*Cross v. Huskins*, 13 Vt., 536.    *Hatch v. Taylor*, 10
N. H., 538.    *Cruzan v. Smith*, 41 Ind., 288.    *Cosgrove v.
Ogden*, 49 N. Y., 255.    *Bradford v. Bush*, 10 Ala., 386.
*Hunter v. Janeson*, 6 Ired. L., 252.    Whether Craine
had private instructions or not of which the plaintiff had
notice was a question for the jury, and having been found
in favor of the plaintiff below the verdict will not be dis-
turbed.    The question as to the special employment of the
plaintiff below by Craine was properly submitted to the
jury, and in our view the verdict in that regard is correct.
The claim that the plaintiff below was to render his ser-
vices for the experience he would acquire in the business
is not very plausible nor probable, and it is not sur-
prising that the jury found against it.    It is evident that
justice has been done and the judgment is in all things
affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.