HERMINE LEPIN, APPELLANT, V. C. N. PAINE & CO. ET AL., APPELLEES.

Mechanic's Lien: APPEAL: EQUITY JURISDICTION. One S. brought an action to foreclose a mechanic's lien against L. & L. the owner of the fee, P. & Co., material men, being made parties. P. & Co. answered setting up the amount due to them, and claiming a lien. The court found in favor of S. and against P. & Co., and rendered a decree accordingly. P. & Co. appealed, and on the hearing their claim was held to be valid, and the cause was remanded to the court below to enter judgment in conformity to the opinion. *Held*, 1st, That as the interests of the parties were inseparably connected the appeal brought up the entire case, and the court must enter a new decree; 2d, That the court should adjust the equities between S. and L. & L., and if necessary take additional evidence for that purpose.

REHEARING of case reported in 15 Neb., 326.

*Brown & Ryan Brothers*, for appellant.

*Batty & Ragan*, for appellees Paine & Co.

*Dilworth & Smith*, for appellee Scales.

MAXWELL, J.

This case was before this court in 1882, and is reported in 13 Neb., 521, and again in 1883, and is reported in 15 Neb., 326. In the case last cited it is said that the Lepins were entitled as against Scales to set off the judgment in favor of Paine & Co. against the judgment recovered by Scales against them. A rehearing was granted, and the cause again submitted.

After the decree, so far as Paine & Co. were concerned, was reversed in 1882, upon the cause being remanded to the district court, a motion was filed on behalf of the plaintiff in error the effect of which would be to set off the judg-

ment in favor of Scales against the amount due Paine & Co. for material. No facts were stated in the motion showing the right of Mrs. Lepin to equitable relief.

Mrs. Lepin also filed a motion asking among other things that she be permitted "to pay into the court the sum of $690 and interest thereon from the commencement of this action at 7 per cent, and that upon such payment being made within sixty days from date of the order, that the defendant and her property be entirely relieved and discharged of any and all liens and claims, and that such payment shall operate as a discharge of all mechanics' liens now in controversy, and of all decrees entered by this court against the defendant and her property in any and all proceedings taken or had in this case." The motions were overruled in the court below, we think properly.

Scales claims in his petition in the original action that Hermine Lepin and Harmon Lepin became indebted to him in the sum of $6,098.06 for work and labor performed by him and his servants and employes, and for material furnished in the erection of the hotel in question. A considerable portion of this is for labor performed and material furnished under various modifications of the contract. A number of these changes are admitted and the price to be paid not questioned. The court below seems to have found the very lowest sum possible, under the evidence, in favor of Scales. To what extent this included the claims of Paine & Company involved in this action does not appear. In other words, this court found the claim of Paine & Co. to be a valid claim, and that they were entitled to a mechanic's lien on the property to secure said debt. But there is nothing in the record to show that the court below considered the claim valid or allowed the same in the decree. It is therefore impossible for this court to say that the decree of $690.00 in favor of Scales included the claim of Paine & Co., which this court has held to be valid. The interests of the parties are inseparably connected in this

case, and the appeal took the case up as to all. *McHugh v. Smiley*, 17 Neb., 626. *Glass v. Greathouse*, 20 Ohio, 503. *Hocking Valley Bank v. Walters*, 1 Ohio St., 201. *Emerick v. Armstrong*, 1 Ohio, 513. *Taylor v. Courtnay*, 15 Neb., 196. Max. Pl. & Pr. (4th Ed.), 454, note.

The decree, therefore, being changed in a material part, which affected both Scales and the Lepins, should have been left open so far as they were concerned for the court below to adjust the equities between them, and if necessary for that purpose to hear further evidence in the case. The case must therefore be remanded for that purpose, and the case in 15 Neb., so far as it is in conflict with this opinion, is modified.

JUDGMENT ACCORDINGLY.

THE other judges concur.