Bissell, P. J.,
delivered the opinion of the court.
Mary Ross sued School District No. 1, of San Juan county, to recover three hundred dollars as damages for the breach of a contract with the school district, whereby she was employed as a teacher for the school year between September, 1891, and the following June. In her complaint she set up the .contract, stated a breach committed by a wrongful discharge by the board three months prior to the expiration of her school year, a readiness on her part to perform, and prayed a judgment of three hundred dollars, which would be the equivalent of the three months’ stipulated salary. The district set up several matters in defense. It denied the complaint; it set up that the teacher had no certificate, and alleged a payment of her wages during the time she taught from September to April, without knowledge of the want of a certificate and by mistake. These matters were set up in various ways, but this is a substantial statement of the defense as presented in its different forms. The same matters were likewise pleaded by way of counterclaim to recover the money which had been paid the teacher during the time she taught. The case was tried to a jury who found for the plaintiff, and assessed the damages at three hundred dollars. On motion for a new trial the plaintiff was required to remit eighty-five dollars and interest, and thereupon judgment was entered for the balance. The defenses compel a statement of what the record contains relating to the qualification of the teacher. The statute (General Statutes of 1883, §§ 3011-3055) contains sundry provisions concerning the evidence of qualification which a teacher must possess to be entitled to teach, and provides sundry penalties when the duty is performed without it. At the time of the various matters stated, Mary Ross held a first grade certificate issued by the county superintendent of La Plata county on the 30th of November, 1889. According to the statute, this was good for a period of two years, and its possession entitled the holder to apply to the superintendent of another county for a certificate of like grade, *495 and that .officer was authorized on the strength of it to issue a corresponding one covering the same period, though the statute directed that in the-latter case the new certificate should state the condition on which it was issued. It will be observed that the La Plata certificate ran until November, 1891, some two months after the school opened. On the 17th of September, 1891, the county superintendent of La Plata county extended it for two years from November, 1891. On September 19th, Brown, the superintendent of San J uan county, as he might lawfully do, indorsed on it his recognition of the certificate, and likewise renewed it in terms for the same period. When the plaintiff first applied for employment in San Juan county, she seems to have had some doubt as to the force and effect of the La Plata county certificate, and she applied to the superintendent of San Juan county for a temporary one until the next examination, under the impression probably that she must pass the examination to possess a first grade certificate in that particular county. The superintendent then stated that there would be no examination in May, and none until August, although the statute provides that these examinations shall be held on the last Friday of February, May, August and November in each year. This was accordingly issued, and was good until August. The school opened early in September, and the plaintiff commenced her duties. It will be seen that at the time the school was opened she was the possessor of a first grade certificate from La Plata county, although it did not then bear the indorsement of the superintendent of the county wherein the school was situated, and that the temporary certificate had by its terms expired. It fairly appears from the record that although the temporary evidence was issued to run until August, as a matter of fact no public examination of teachers was holden in that county until'the November following the opening of the school. The contract between the school district and the plaintiff was entered into in July, while the first paper was in unquestioned force, and while she held the one issued in La Plata county. It is disclosed *496 that the superintendent told the teacher that no examination was necessary, hut that he would indorse her first grade certificate from La Plata county, and this would give her ample authority to discharge her duties. On this the teacher seems to have relied, though in fact the indorsement was not procured until subsequent to the opening of the school, and after the extension by the superintendent of the adjacent county. The school was conducted regularly until the board discharged the teacher. There is considerable controversy as to the reason for the discharge ; but the verdict of the jury has settled the questions of fact concerning this matter in favor of the teacher, and it will be assumed for the purposes of this decision that she was engaged in the proper performance of her duties at the time the contract was broken, and there was no legal excuse for the act.
The sufficiency of the complaint has been made the subject-matter of a good deal of argument. It was vulnerable to a demurrer since it contained no averment of the resulting damages. It is undoubtedly true under the authorities, that where the action is brought to redress a wrong committed by the breach of a contract, and the plaintiff- only seeks to recover the general damages which have resulted, he states a good cause of action when he sets up the contract, states the facts which constitute the breach, and alleges generally that he has been damaged in a specific sum. City of Pueblo v. Griffin, 10 Colo. 366; The Saxonia M. & R. Co. v. Cook, 7 Colo. 569.
If the pleader had added a simple clause “ to her damage in so much money,” the complaint would have been good under these decisions, and the only question here is whether this omission renders the complaint so fatally defective that it may be attacked on appeal as not stating facts sufficient to constitute a cause of action. Whatever might be the rule under some circumstances, and in a case where the appellant had sought to take advantage of it below, it is not available on the present hearing. The complaint was never attacked nor was any objection offered to the introduction of testimony *497 under it. The whole defense was based on the alleged absence of evidence of the teacher’s authority, and the illegality of the payments which had been made to her. The relief which may be had has been adjudged not dependent on the prayer; but there would seem to be no objection to taking it into consideration after a verdict for the purposes of upholding the suit. It is always true that wherever a matter must of necessity be proved to maintain a cause of action, and it must have been in evidence to warrant the jury to give the verdict, an omission to state it in the complaint will not be fatal to the judgment, providing the pleading contains matters which by fair intendment can be held to embrace it. This doctrine of an aider by verdict is farther supplemented by our statute which inhibits the appellate courts from disturbing a judgment where no manifest wrong has been done the unsuccessful party. This principle and this statute together operate to uphold the judgment. The contract was aptly stated, its infraction was cleartyset forth, and since the resulting damages áre generally measured by the amount of the agreed compensation and the complaint prayed judgment for that sum, we cannot disturb what has been done for this undoubtedly harmless error. Bouvier’s Law Dictionary, vol. 1, page 142; Indianapolis & Vincennes R. R. Co. v. McCaffery et al., 72 Ind. 295; The Saxonia M. & R. Co., supra; Hotz v. School District, 1 Colo. App. 40.
The whole matter was litigated on the theory that if the plaintiff had a right to recover at all, she could recover her wages for the balance of her period of hiring. The defendants made no attempt to defeat the recovery or reduce the damages bjr proof, either of her obtainment of other employment or any neglect on her part in that direction. The damage was shown without objection; it was essential to the verdict, and by reasonably fair intendment the amount of the damage may be held to be included within the four corners of the complaint.
The remaining matters concerning the certificates present very little difficulty. The statute undoubtedly provides that *498 a teacher must hold a certificate, and it is a condition precedent to her right to recover wages, though she may have rendered services. The courts are very much inclined to sustain the right to recover, even under statutes like ours, which provide that a teacher shall forfeit all claims to compensation when the duty is discharged without the possession of this evidence of qualification. Some of the cases'go so far as to hold that if the teacher be without the evidence at the time of the entry upon the term, the subsequent procurement of the required certificate would establish her competency from the date on which it was received, and the law will infer a new contract as of that time. Othei’s again hold that the possession of a certificate from another district which may be validated in the new county by the indorsement of the proper officer will be sufficient authority to permit the teacher to enter upon her employment after a promise by that officer to execute the necessary papers. Scott v. School District, 46 Vt. 452; Wells v. School District, 41 Vt. 353; Dore v. Billings, 26 Me. 56; School District v. Brown, 55 Vt. 61.
We are not compelled, however, to go to the extent which these cases would seem to warrant. As we view it during the entire period for which the wages were paid, as well as for which wages are claimed, the teacher was possessed of this statutory evidence of her qualification. The temporary certificate may be dismissed from our consideration. If some evidence of the right to teach furnished by the superintendent of the county in which the contract was made was at all essential, this temporary evidence was all that was required; but at the time of the agreement, as well as at the time the school commenced, the teacher had a first grade certificate, which was in full force in La Plata county, and we are of the opinion that the action of the superintendent of San Juan concerning it would in any event be operative to relieve the teacher from the statutory disqualification. Brown was advised of the existence of this certificate, instructed the teacher that an examination was totally unnecessary, and that he would indorse and continue the certificate within his juris *499 diction. This he subsequently did on the 17th of September following, and from that time and during the balance of the school year, the teacher was undoubtedly possessed of a valid and statutory document which evidenced her right to teach. This principle is fully sustained by the authorities which have already been cited, and is borne out by the general construction of the statute expressed in the decision of this court. We are relieved from the difficulty of considering the force and effect of the agreement of the superintendent to indorse the certificate of La Plata county upon the right of the teacher to recover wages for the period preceding the actual indorsement. On the motion for a new trial, the plaintiff was compelled to remit eighty-five dollars of her verdict which covered the wages for that part of the school year antedating the actual indorsement by superintendent Brown. Upon the record, the case is thus left with this proof that, for the entire period during which the plaintiff was paid wages by the school district, she was possessed of a first grade certificate indorsed by the superintendent of the county where her duties were performed under an authority which this statute gave. Under these circumstances, the counterclaim to recover the wages which had been paid was very properly rejected. The teacher had a right to receive her wages, and the school district could not compel her to pay them back, and had they remained unpaid she doubtless would have had a good cause of action for their recovery. Some complaint is made concerning the statutory requirement that a certificate by the superintendent of another county must show tlie condition on which it is issued, providing it be issued on the faith of a first grade certificate emanating from the authority of another county. The objection is not tenable. The statute does not require that certificates should be in any specific form, and we can see no objection to an indorsement upon the back of the original paper continuing it in force in the other county as was done in the present case. The indorsement will be an adoption of the original in its terms, and show that it was issued on the condition *500 specified, and cannot be taken to be a substantial defect requiring the imposition of the very severe penalty which the statute prescribes for the performance of a teacher’s contract without sufficient evidence of qualification.
The case was fairly tried. The plaintiff was entitled to her verdict, and the record discloses no' errors which would warrant us to disturb it. The judgment will be affirmed.

Affirmed.