DORIS PERKINS

*vs.*

INHABITANTS OF THE TOWN OF STANDISH

Cumberland. Opinion, November 23, 1948.

*Udell Bramson,* for plaintiff.

*Francis W. Sullivan,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

MERRILL, J. On exceptions. Action was commenced by a writ dated March 3, 1947. The plaintiff, Doris Perkins, a school teacher, seeks to recover wages for the balance of the school year after her alleged wrongful discharge on January 24, 1947 by Mr. Jack, the Superintendent of Schools for a School Union of which the defendant town was a member.

The case was heard by the presiding justice with right of exceptions as to matters of law reserved. At the close of plaintiff's evidence, the defendant made a motion for a non-suit based on the fact that the plaintiff did not have the teachers' certificate required by the Revised Statutes of the State of Maine. The presiding justice deferred ruling. After the defendant had introduced the direct testimony of Mr. Jack and following conference with counsel, the motion for nonsuit was granted. The plaintiff alleged exceptions thereto.

Taken in its most favorable light for the plaintiff, the evidence discloses that plaintiff was employed on January 6, 1947 to teach a public school in the defendant town for the balance of the school year, commencing January 13, 1947. At the time she was so employed she did not hold a teachers' certificate of the nature prescribed by R. S. Chap. 37, Sec. 156 and as required by Secs. 158 and 159 of said chapter. She had, some eight or ten years before, had such certificate but had not kept it renewed and in force. She informed Mr. Jack, the Superintendent of Schools who employed her, of this fact. He told her "it was all right to take the position without a certificate if I would send to Augusta for my renewal application." She commenced teaching January 13th and taught to and including January 24th and was paid her wages therefor. On January 24th she was informed by the Superintendent of Schools that her employment was at an end and that she could not teach any longer because she did not have a state teachers' certificate. She told the superintendent "But you knew that when you hired me. You told me to send for one and I sent for one and I am waiting for the application to come for it." She attempted

to obtain employment elsewhere and failed so to do. There was no evidence that she thereafterwards ever applied for or received a certificate.

Secs. 158 and 159 of Chap 37 are as follows:

"**Sec. 158. Persons not holding state certificate not to be employed.** No person shall be employed to teach in any school under the supervision and control of any school board of any city, town or plantation of this state, who does not hold a state certificate as provided for in this chapter. Provided further, that all state certificates granted before July 12, 1913 shall continue in force in accordance with the terms stated therein. The commissioner is authorized to formulate all rules and regulations necessary for the carrying out of the provisions of this section and of the 2 preceding sections.

**Sec. 159. Penalty for teaching without certificate.** Whoever teaches a public school without first obtaining a state teachers' certificate, as provided in this chapter, is barred from receiving pay therefor, and shall forfeit to the town in which he so taught such amounts as he shall have received for wages for such illegal teaching."

Under these sections of the statute, the actual holding of a state teachers' certificate by the plaintiff was a condition precedent to the authority of the town to employ her, and it was a condition precedent to her right to teach; such conditions precedent cannot be waived by the town or anyone acting in its behalf. Decisions of this court to this effect under similar statutes (which statutes required certificates from the Superintending School Committee before employment by the town, barred recovery of wages by a teacher who taught without such certificate, and allowed recovery back of a sum equal to wages paid if the teacher taught without such certificate) are controlling. See P. L. 1834, Chap. 129, Secs. 4 and 5, and R. S. 1840, Chap. 17, Secs. 43, 44 and 45 and the following decisions thereunder: *Jackson* v. *Hampden,* 20 Me. 37; *Rolfe* v. *Cooper,* 20 Me. 154; *Jose* v. *Moulton,* 37 Me. 367; *Dore* v. *Billings,* 26 Me. 56.

We are not unmindful of the authorities from other juris-
dictions upon this and related issues. They may be found
collected in the exhaustive notes to 12 L. R. A., N. S. at 614;
42 L. R. A., N. S. 412; 30 A. L. R. at 890; 42 A. L. R. 1226;
118 A. L. R. at 666; Ann. Cases, 1913 C. 372. Extended
discussion, comparison and analysis of them would serve no
purpose other than to show erudition on our part. It is not
at all necessary for any court to justify its own *controlling
decisions* by extended citation of those of other courts in
accord therewith.

It might be suggested that we may treat the contract be-
tween the plaintiff and the town as a contract to employ her
as a teacher, her employment to commence if, when and only
upon condition that she obtain a state teachers' certificate.
If such contracts could be legally entered into, upon which
question we express no opinion, no such contract is declared
upon in the plaintiff's writ. The contract declared upon is
one of present unconditional employment on January 6,
1947, by which it is alleged that the defendant "agreed to
and did employ the plaintiff to teach school in said Standish
from January 6, 1947 for the rest of the school term. And
the plaintiff further avers that she then and there entered
into the employ of the said defendant, by and through its
superintendent, George E. Jack, on January 6, 1947, con-
tinuing until January 13, 1947," when it is alleged she was
discharged, etc. Her own testimony was that she was hired
to teach commencing January 13th to the end of the term
and that she was discharged on the 24th. The nonsuit
might possibly be justified on the ground of variance be-
tween the proof and the contract declared upon. The pre-
siding justice, however, granted the motion for nonsuit on
the ground that she did not have the required certificate.
We are basing our decision upon the same ground.

To the plaintiff's suggestion in her brief that the super-
intendent had no legal right to discharge her because that
power was vested in the Superintending School Committee
alone, that therefore she continued in the employ of the

town until the end of the school year, ready and willing to teach, and hence is entitled to her wages for the rest of the year, her lack of a teachers' certificate is a complete answer. It appeared that she had no certificate at the time she was employed, and had not even sent in her application for one at the time she was discharged on January 24th. The burden of going forward with evidence tending to show that she later applied for and received her certificate was upon her. This she failed to do. There is no evidence that she ever obtained or even sent application for, or would have received her certificate had she applied for it before the end of the school year. Without such certificate she could not have been legally employed during any of the period for which she seeks to recover wages. The same consideration would be a complete answer to the suggestion of a conditional contract. There is no proof of compliance with the condition.

It would indeed be incongruous to hold that a person could recover as damages, for not being allowed to teach, wages which she could not recover had she actually taught for the term for which she was employed, or which, received therefor, she would have forfeited to the town.

There being no valid contract of the nature declared upon, we do not need to consider the question as to whether or not the present action was premature, due to the fact that it was commenced on March 3rd to recover wages to become due for a period extending several months beyond the date of the commencement of the action.

There was no issue of fact which if resolved in favor of the plaintiff would justify a recovery on the contract declared upon. Her own testimony interpreted most favorably in her behalf disclosed facts which were an absolute bar to maintenance of the action. There was no evidence even tending to overcome the effect of her own testimony. The question of whether or not she could maintain her action under these circumstances was one of law for the presiding justice. His ruling upon this question was correct.

Irregularities in procedure disclosed by the bill of exceptions may be disregarded. They were neither shown by the bill of exceptions to be, nor were they in fact prejudicial. See *Jones* v. *Jones,* 101 Me. 447, 450; 64 A. 815; 115 Am. St. Rep. 328.

There being neither an issue of fact which if resolved in favor of the plaintiff would justify a finding for her, nor prejudicial error.

*Exceptions overruled.*